[No. 3,076.]

## GERMAIN SERVANTI v. A. LUSK AND P. BERGER.

PERSONAL PROPERTY EXEMPT FROM EXECUTION. — Personal property which is exempt from forced sale on execution is none the less exempt because the judgment debtor owns an undivided interest in it in common with a stranger to the judgment.

VIOLATION OF DUTY BY SHERIFF. — Where a Sheriff, on ascertaining that property which has been attached is exempt from execution, refuses to release it without an undertaking, he exceeds his authority and violates his duty.

UNDERTAKING VOID FOR WANT OF CONSIDERATION.—An undertaking exacted by a Sheriff before releasing property which he has ascertained to be exempt from execution, is void for want of consideration.

UNDERTAKING ILLEGALLY EXACTED BY SHERIFF.—When a Sheriff has attached personal property, a portion of which is exempt from execution, and refuses to release any of the property until an undertaking is given him, the undertaking is void for having been illegally exacted by the Sheriff under color of his office.

PRESUMED FINDING OF FACTS.—All facts within the issues, not expressly found and not inconsistent with the other findings, are presumed to have been found in accordance with the judgment.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

On the 16th of March, 1869, the plaintiff commenced an action against F. Crochet upon a demand for five hundred and sixty dollars and sixty-seven cents, and procured an attachment which was placed in the Sheriff's hands, who thereupon attached two horses, a set of double harness, and a double wagon, and a leasehold interest in a small tract of land. Crochet claimed the horses, harness, and wagon as exempt from execution, and demanded a return of the same. The Sheriff refused to return the same unless an undertaking was given. Crochet at the time owned an undivided one half of the horses, wagon, and harness in common with another person, a stranger to the execution, and the same were used in carrying vegetables to market from the land. Crochet, in order to obtain possession of the horses, wagon, and harness, gave the required undertaking and the Sheriff delivered them up to him. The plaintiff afterwards recovered judgment against Crochet, and an execution on the judgment having been returned by the Sheriff *nulla bona*, this action was commenced on the undertaking which had been signed by Lusk and Berger. The Court below rendered judgment for the defendants, and the plaintiff appealed.

*E. D. Sawyer* and *W. C. Burnett*, for Appellant.

*Bartlett & Bergin*, for Respondents.

That duress of goods is a good plea to a bond given to procure the release thereof under hard and pressing circumstances, we refer the Court to the elaborate and well considered case of *Collins* v. *Westbury*, 2 Bay's Rep. 211; also, *Crawford* v. *Cota*, 22 Georgia, 594. That a bond obtained under color of office is absolutely void, and of no avail either against principal or sureties, we refer to the following cases: *The United States* v. *Tingesy*, 5 Peters, 128, 129; *United States* v. *Pennington*, 1 Peters C. C. R. 113. That a bond

taken by an officer without authority of law is void. (*Benedict* v. *Bray*, 2 Cal. 251; *McQueen* v. *The Ship Russell*, 1 Cal. 165; *Homan* v. *Brinkerhoff*, 1 Denio, 184.)

An action cannot be maintained on a bond given to obtain the liberation of property illegally taken by a Sheriff. (*Homan* v. *Brinkerhoff*, 1 Denio, 184; *McQueen* v. *The Ship Russell*, 1 Cal. 165.) In *Perry* v. *Hensley*, 14 B. Monroe, Ky. 474, it was held that the Sheriff, having made a levy on property exempt from execution, the execution of a bond to him for its release was not a recognition of the right to levy, nor a waiver of the illegality thereof, and that the sureties on such void instrument were entitled to judgment in their favor.

If any part of the consideration is illegal the whole consideration is void, etc. (1 Parsons on Contracts, 380, 1st ed. 1853; *Burt* v. *Place*, 6 Cow. 431; *Homan* v. *Brinkerhoff*, 1 Denio, 185; *Pennington* v. *Townsend*, 7 Wend. 279.)


By the Court, CROCKETT, J.:

The wagon, horses, and harness seized under the plaintiff's attachment, were exempt from execution, and were none the less so because the defendant in the attachment owned them, and used them in common with a stranger to the action. The Sheriff violated his duty in refusing to release them from the attachment on the demand of the defendant therein, after being informed and having ascertained that they were exempt from execution. In exacting the undertaking sued upon as a condition on which he would release the property from the attachment, he exceeded his authority and violated his duty. So far as the undertaking was founded upon the release of the wagon, horses, and harness, it was without consideration and void, inasmuch as it was the duty of the Sheriff to release them without an undertaking. But it is said that a leasehold

interest of the defendant in the attachment in a parcel of land was also attached, and that this also was released on receiving the undertaking, and it is claimed that this was a sufficient consideration to support it.

It is conceded, however, that a portion of the consideration for the undertaking was the release of the wagon, horses, and harness, and the Sheriff having exacted the undertaking as a condition on which he would release any of the property, we must presume, in support of the judgment, that the undertaking was exacted by the Sheriff under color of his office, and in violation of law, before he would consent to release the wagon, horses, and harness. This fact was distinctly averred in the answer, and an issue tendered upon it, and though there is no distinct finding on this point, it is well settled in this Court that all facts within the issues not expressly found, and not inconsistent with the other findings, are presumed to have been found in accordance with the judgment. Assuming the implied findings on this point to have been in accordance with the averments of the answer, it would appear that the Sheriff, with the consent and approval of the plaintiff, illegally and fraudulently exacted the undertaking, under color of his office, as a condition upon which he would release the wagon, horses, and harness, well knowing that they were not subject to execution. If these be the facts, as we must assume they were, the undertaking is void.

Judgment affirmed.

Mr. Chief Justice SPRAGUE and Mr. Justice WALLACE did not participate in this decision.