## Noyes *et al.* v. Belding, Sheriff, *et al.*

1. Unless injury to the party complaining results from the discretionary ruling of a trial court upon an application for a separate trial between a plaintiff in a civil action and any of the several defendants, such ruling will not, on appeal, be subjected to review.

2. In the absence of preliminary proof as a foundation for its introduction, as a rule, no evidence should be received, which presupposes better evidence in the party's possession, under his control, or within his reach.

3. Although the cross-examination of a witness is, of necessity, under the control and clearly within the discretion, of the trial court, the same must usually relate to a material issue, and should generally be confined to matters brought out by the examination in chief.

4. Our exemption law, based upon considerations of sound public policy, was dictated and designed for the benefit of the debtor and his family by the humane inclinations of an advanced civilization, and the entire statute upon the subject should be considered and liberally construed, one part with and by another, in determining the intent and purpose of the framers thereof; and a statute entitling a partnership firm to claim as exempt partnership property to the value of $1,500, when so construed, extends the privilege to the wife of a partnership debtor, and authorizes her to make the claim in case her husband fails or refuses to exercise the right within the time required by law.

5. In the absence of a law limiting the time within which the wife must exercise the statutory exemption right in case her husband fail to make a demand therefor within three days after receiving a notice of levy, a reasonable time thereafter will be allowed to such wife, in which to claim property exempt to herself and family; and, under the circumstances in this case, a demand made by the wives of the attachment debtors within 32 days from the expiration of the time allowed to the husbands is held to be not an unreasonable time.

6. The possession of property exempt from execution by limitation of value creates neither a fictitious nor delusive credit, and is not susceptible of being fraudulently alienated or disposed of to the prejudice of a creditor.

7. Where an action sounding in tort was instituted against an attaching officer and his indemnitors, to recover the value of certain property released upon a claim for exemptions, evidence was properly excluded which tended only to show that a stranger to the suit had doubted the authority of the officer to release the property, and had, in a subsequent action against the attachment debtor, caused the same officer to levy an attachment upon the same property.

8. In the absence of facts or circumstances to the contrary, it will be presumed that an attorney at law, acting as such in a matter within the scope of his professional duty, has been employed and retained by the person whom he thus represents.

9. Unless controverted, it will also be presumed that a person acting as an officer appointive or elective has been regularly appointed or elected to such office, and that he has properly performed his official duties.

(Syllabus by the court.    Opinion filed Aug. 13, 1894.)

Appeal from circuit court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

Action against the defendant as sheriff and others to recover damages alleged to have sustained by reason of an alleged unauthorized release of certain property held by him under an execution. Defendants had judgment, plaintiffs appeal. Affirmed.

*Martin & Mason,* for appellants.

A claim of exemption must be made within a reasonable time or the right is waived. Stewart's Appeal, 10 Atl. 833; Thompson Home. & Exemp. § 820. If the debtor is present at time of levy and does not claim his exemptions, he waives his right. Angell v. Johnson, 2 N. W. 435; Moffett v. Adams, 14 N. W. 88; Tielke v. Morgan, 7 N. W. 651. When property is specifically exempt by statute, or has been selected as such, there can be no conveyance of it in fraud of creditors. Kullage v. Schenler, 7 Mo. App. 250; Wemrick v. Koelling, 21 Mo. App. 133; Statesburg v. Kirtland, 35 Mo. app. 157; Nieman v. Kock, 40 Mo. app. 635. In the case at bar the sale was voidable only

by the creditors of the vendor. It was a valid sale against the plaintiff. Alt v. Bank, 9 Mo. App. 91; Cassell v. Williams, 12 Ill. 387; Piper v. Johnson, 12 Minn. 66; Holman v. Martin, 12 Ind. 553; Mandlore v. Burton, 1 Ind. 40; Tielke v. Morgan, 7 N. W. 651; Bump. Fraud. Conv. 472; 2 Bigelow Fraud 60; Sugg v. Tillman, 2 Swan 208; Rose v. Sharpless, 33 Gratt 153; Nichal v. Deridson, 8 Lea 393.

*William R. Steele, Edwin Van Cise* and *G. G. Bennett,* for respondents.

A partner may assert his claim to exemptions out of partnership property individually either before or after severance of the partnership. Stewart v. Brown, 37 N. Y. 350; Blanchard v. Poschal, 68 Ga. 32; Scott v. Kenon, 94 N. C. 296; Skumer v. Shannon, 44 Mich. 86; O'Gorman v. Tink, 57 Wis. 649; McCoy v. Boeman, 61 Mich. 362; Servanti v. Luck, 43 Cal. 238; Watson v. Simpson, 5 Ala. 233; Latchford v. Cany, 52 Miss. 791; McManne v. Campbell, 37 Tex. 267; Pussell v. Lenniow, 39 Wis. 570; Newton v. Howe, 29 Wis. 531. The wife of a debtor has a reasonable time after the levy in which to claim her exemptions. Robinson v. Hughes, 20 N. E. 220; Rice v. Nolan, 5 Pac. 437. Exempt property is not subject to fraudulent alienation. Bales v. Callender, 3 Dak. 256; Freeman Exec. § 214; Thompson Home & Exemp. § 425; Waples Home & Exemp. 917; Sannover v. King, 5 S. W. 327; State v. Carson, 43 N. W. 361; Stave v. Hanks, 14 O. St. 298; Tracy v. Cover, 28 O. St. 61; Mosely v. Anderson, 40 Miss. 49; McAbe v. Thompson, 6 N. W. 479; Duvall v. Rollins, 71 N. C. 221; Crummen v. Bennett, 68 N. C. 495; Mannberg v. Hyatt, 14 Fed. 898; Elder v. Williams, 16 Nev. 416. The conveyance of exempt property to defraud creditors might be treated as void by the creditors—but debtor would still have his right to claim his exemption out of the property. Berry v. Hanks, 28 Ill. App. 31; Vaughn v. Thompson, 1 Ill. 78; Bell v. Devore, 96 Ill. 217; Bliss v. Clark, 39 Ill. 519; Ins. v. Mills, 37 Ill. 75; Green v. Marks, 25 Ill. 223; Dortch v. Benton, 3 S. E. 638;

Derby v. Wayrich, 8 Neb. 176; Rosenthal v. Scott, 41 Mich. 633; Wilcox v. Hawley, 31 N. Y. 648; Pike v. Miles, 23 Wis. 164; Callsway v. Carpenter, 10 Ala. 500; Front v. Vaughn, 52 Vt. 451; McCord v. Moore, 5 Heick, 734; Anthony v. Wade, 1 Bush. 110; Moons v. Tenant, 56 Ga. 577; Homs v. Tiffany, 25 O. St. 549.  A debtor cannot contract in advance to waive his family exemptions.  Kneetle v. Newcomb, 22 N. Y. 250; Recht v. Kelly, 82 Ill. 147; Mooty v. Ra) on, 10 Bush. 156; Maloney v. Newton, 85 Ind. 565; Branch v. Fornlinson, 77 N. C. 388; Carter v. Carter, 20 Fla. 558; Maxwell v. Reed, 7 Wis. 582; Curtis v. O'Brian, 20 Ia. 376; Demy v. White, 2 Colo. 283; Van Wickle v. Landsy, 29 La. 330; Blolock v. Elliott, 59 Ga. 837; Moran v. Clark, 30 W. Va. 358.

The giving of a delivery bond to the sheriff is not a waiver to afterwards assert the claim of exemption.  Elbyroth v. Webster, 15 Ind. 121; Desmond v. State, 15 Neb. 438.  Mere acquiescence in the sheriff's possession does not constitute a waiver in the absence of a time limited to make a claim, provided such claim is made before sale.  Jordan v. Antrey, 10 Ala. 226; State v. Emmerson, 74 Mo. 607; Shepperd v. Murrill, 90 N. C. 208; Might v. Devoe, 86 Ill. 490; Butt v. Green, 29 O. St. 667; Meiles v. State, 73 Md. 398; Comm v. Boyd, 56 Pa. St. 402; Williamson's App. 132 Pa. St. 455.

FULLER, J.  On the 23rd day of September, 1881, Charles H. Knowles and Austin C. Marshman, co-partners as Knowles & Marshman, conveyed to William G. Knowles their stock of drugs and fixtures, with the fraudulent intent to hinder and delay their creditors.  Four days thereafter, plaintiffs in this action brought suit against this firm to recover money due on account, and caused an attachment to issue, by virtue of which the property above mentioned was levied upon by the sheriff of Lawrence county, and taken into his possession.  The value of the property so taken, according to the sheriff's inventory returned into court, was $4,593.51.  At

the suit of said William G. Knowles, in claim and delivery, soon afterwards instituted against the sheriff to recover the possession of the property so levied upon, the sale above mentioned was by the court, on the 6th day of January, 1892, adjudged to be fraudulent and void as to creditors; and the possession of such attached property was awarded to the defendant therein, John P. Belding, sheriff who afterwards released the same upon a claim for exemptions, and his action in so doing is one of the material issues involved in the case now before us. On the 22nd day of September, 1882, judgment was 'entered in the attachment suit, in favor of Noyes Bros. & Cutler, and against Knowles & Marshman, for $2,388.72, and execution was issued thereon, and returned wholly unsatisfied. This action was brought by appellants to recover from respondents $4,000, as damages claimed to have been sustained by reason of the alleged authorized release of said property by the sheriff, and his consequent inability to apply the proceeds thereof in satisfaction of said judgment. The complaint herein, after alleging the above-mentioned facts in the usual manner, and that said judgment remains in full force and unsatisfied, concludes as follows: "That while said warrant remained in full force and effect, and while said Belding still held in his possession thereunder, all of the goods so seized by him, to-wit, on or about June 15, 1882, the said defendant John P. Belding, upon the demand and request of the said Charles H. Knowles and Austin C. Marshman, and upon the further request of the defendants Alvin Fox, Robert Hood, Ben Baer, and John L. Baird, and in consideration of said last-mentioned request, and of the execution and delivery to him, the said Belding, by the defendants Alvin Fox, Robert Hood, Ben Baer, and John L. Baird, of their certain bond of indemnity, hereinafter mentioned, abandoned, released, surrendered, and delivered up to the said Charles H. Knowles and Austin C. Marshman all the goods and property so seized by him under and in obedience to the said warrant of attachment, and permitted

said attachment debtors to sell and dispose of said property to
their own use; that the defendants Alvin Fox, Robert Hood,
Ben Baer, and John L. Baird aided and abetted said Knowles &
Marshman in procuring the surrender and delivery to them of
said goods, and in taking and disposing of them to their own
use, and counseled, advised, and requested said Belding there-
to, and for the purpose of including such surrender, and as a
consideration therefor, did make, execute, and deliver to said
Belding their certain bond of indemnity, wherein they under-
took and agreed to indemnify and save harmless the said Beld-
ing from all loss or damage which he might incur or be com-
pelled to pay by reason thereof; that on June 1, 1883, an exe-
cution was duly issued out of this court upon said judgment,
which was on June 5, 1883, duly returned wholly unsatisfied;
that said Knowles & Marshman had become, and were at the
time of the rendition of said judgment and of the issuing of
said execution, wholly insolvent, and said judgment still re-
mains wholly unpaid and unsatisfied. Wherefore plaintiffs de-
mand judgment against the defendants for $4,000 damages and
costs."

The defendant Belding, in his separate and amended an-
swer, admits that the stock of drugs, together with the fixtures
seized by him in the attachment proceedings, was inventoried
and appraised at $4,593.51, but denies that the real value of the
property exceeded $1,500, and alleges that the inventory was
hastily taken, and that the appraised value of said drugs and
fixtures was greatly in excess of the real value of said pro-
perty, and that the same, and the whole thereof, at the time of
the seizing, was exempt from execution, and that, the defend-
ants Knowles & Marshman having failed to claim their ex-
emptions, the same were duly claimed by Margaret C. Knowles
and Cora F. Marshman, the wives of said defendants, who
chose the property levied upon, as exempt, and that the same
was appraised in the manner provided by law, and the value
thereof, according to the inventory of the duly-qualified ap-

praisors, was less than $1,500; that said property was duly se-
lected by the wives of said defendants, as exempt goods; that
thereupon the codefendants of this defendant executed and de-
livered to him their joint and several bond, in which they, and
each of them, undertook to indemnify this defendant against
any damage by reason of the allowance of said demand for ex-
emptions; that this defendant, on said claim, released and dis-
charged all of said goods from the levy, and made his return
to this court accordingly.   Defendant, in conclusion, denies on
information and belief, the insolvency of Knowles & Marsh-
man.   In their amended answer the defendants Fox, Hood,
Baer, and Baird, after alleging facts otherwise substantially
similar to the foregoing, deny, on information and belief, the
execution of the bond, and aver that if any paper was executed
by them it was never used, and became no part of the consid-
eration or inducement for the release by the sheriff of said
goods.   They also deny that the release of the goods was thus
or otherwise induced by them.

There was a trial to a jury, and a verdict for defendants.
From a judgment entered thereon, and from an order over-rul-
ing a motion for a new trial, plaintiffs appeal.

At the trial, and prior to the empaneling of the jury, coun-
sel for plaintiffs moved the court to try separately the issues
joined by the answer of the defendant Belding and those
formed by the joint answer of the other defendants, and the
ruling of the court in denying said motion is assigned as error.
As a rule the granting or refusing to grant a separate trial is
within the discretion of the court, and section 5035, Compiled
Laws, provides that "a separate trial between a plaintiff and
any of the several defendants may be allowed by the court,
whenever in its opinion justice will be promoted."   The cir-
cumstances of this case were not, in our opinion, such as to
subject plaintiffs to greater inconvenience than is usually ex-
perienced by parties called upon to try a case in which the re-

lations of all the defendants to the party plaintiff are not entirely similar; and, as the ruling was within the sound discretion of the trial court it is not a subject for review.

Upon the ground, among others, that the record, if any existed, was the best evidence, counsel for defendants moved to strike from the deposition of Albert Allen, taken in narrative form on plaintiffs' behalf, the following: "And then Granville G. Bennett, the attorney for Knowles & Marshman, sued out proceedings in mandamus against the sheriff to compel him to allow the exemption. On the hearing of the mandamus proceeding, the court, as my memory serves me, decided that they had mistaken their remedy, if they had any." According to an elementary rule, requiring the best evidence of which a case, in its nature, is susceptible, no evidence should be received which presupposes better evidence in the party's possession under his control, or within his reach; and in the absence of preliminary proof, as a foundation for the introduction of parol evidence concerning the nature of a judicial record, the evidence was properly excluded. Railroad Co. v. Strickland, 80 Ga. 776, 6 S. E. 27; Crane v. Andrews, 6 Col. 353; McPhaul v. Lapsley, 20 Wall. 264; Clifton v. U. S., 4 How. 242.

The defendant John P. Belding, being sworn and examined as a witness in plaintiff's behalf, on cross-examination, was shown a claim for exemptions purporting to have been made by Margaret C. Knowles and Cora B. Marshman, by their attorneys, W. H. Parker and A. R. Z. Dawson, dated at Deadwood, D. T., November 2, 1881, and the witness testified that he had seen it before; that it was served upon him before the appraisement was made and the exemptions were allowed. But witness was unable to testify as to the date of such service. After testifying that the appraisement made and returned to him was lost some time during the year 1882, the witness was asked to state the value of the property, according to the appraisement made under the claim for exemptions, and the question was objected to as "incompetent, irrelevant, immater-

ial, and not proper cross-examination, and because it did not appear that any return of any such exemption claim, or of the allowance, of, or any proceedings thereunder, was ever made to the court out of which the attachment was issued." This objection was over-ruled, and the witness answered that it was between $1,400 and $1,500. This ruling of the court is assigned as error. Other witnesses testified as to the value of the property under this appraisement, and there was no conflict in the evidence in that regard, and, while the question was not strictly within the scope of a cross-examination it was material; and as the cross-examination of a witness is, of necessity, under the control, and largely within the discretion, of the trial court, we would be reluctant to review its action, in the absence of any resulting prejudice. However, the cross-examination should be generally confined to matters brought out in the examination in chief.

Defendant Belding further testified, in his own behalf, that there were two claims for exemptions made upon him, and that it was his impression that the demand of Knowles & Marshman was first made; that a demand was made upon him, at the sheriff's office, by the wives of Knowles and Marshman, which was lost with the bond and other papers in the case; that he could not remember by whom the demand was handed to him; that an appraisement was made by Seth Bullock, Dr. B. B. Kelley and Wm. E. Lowe; that Mr. Bullock was selected by the ladies, and that he swore the appraisers before they entered upon their duties. Upon cross-examination the witness testified that it was his impression that the appraisement was made under the claim of the wives, and that the bond was taken to protect him in allowing exemptions under their claim; that he released the property on the appraisement, shortly after the determination of the suit of William G. Knowles against himself. Question: "After the stock was released to Knowles & Marshman from this attachment under the appraisement you have been speaking about, did not Van

Cise & Wilson issue a process upon a judgment of J. B. Tas-
cott against Knowles & Marshman, and did you not, on or about
April 7, 1882, levy upon the same stock of goods under that
process?" An objection to this question, interposed by coun-
sel for defendants, was sustained. The ruling of the court
thereon is assigned as error, and is urged by learned counsel as
a ground for a reversal of this case. We are clearly of the
opinion that evidence of the character sought to be elicited by
the above question was wholly inadmissible. Viewed in the
most favorable light, it could only tend to show that the trans-
action under consideration had been looked upon with suspi-
cion by another creditor, who was not a party to this suit. Let
us assume that a process fair upon its face, coming from a
court of competent jurisdiction, with instructions to execute
the same, had been placed in the hands of the sheriff, together
with a sufficient indemnity bond for his protection. From what
he might know extrinsically concerning a previous claim for
exemptions made by and allowed to the wives of the judgment
debtors, would it be within his province to refuse to act ? We
think not. Comp. Laws, § 5167; Mechem, Pub. Off 744, and
cases there cited.

The eleventh assignment of error relates to the ruling of
the court in sustaining an objection to the introduction of a
portion of a letter in no manner identified, which could in no
event become material for any purpose. Counsel's conserva-
tive contention in favor of this assignment of error cannot be
entertained.

Seth Bullock, one of defendants' witnesses, testified on di-
rect examination as follows: "I know Charles H. Knowles
and Austin C. Marshman, and their wives, who were then liv-
ing in Deadwood, in 1880, and afterwards. Early in 1882, act-
ing with William E. Lowe and Dr. Kelly, I made an appraise-
ment, under an exemption claim, of the entire stock of merchan-
dise of Knowles & Marshman that was then in the store. I was
sworn by Sheriff Belding. My recollection is that the inven-

tory was reduced to writing, and signed by the appraisers. The total valuation was something less than $1,500." The evidence of William E. Lowe, mentioned as one of the appraisers is in substance the same as Mr. Bullock's; and both testified that the oath administered by the sheriff was oral, and admonished them to make an honest appraisement. Mr. Bullock had been in business, and engaged in the sale of paints, oils, glass, etc., and as former sheriff, had sold personal property on execution. Mr. Lowe's knowledge of the drug business was confined to the toilet, fancy articles, and perfumes. In making the appraisement, they compared the goods with the invoices found with the stock, and placed such a value upon each article as they thought it would bring at forced sale.

John R. Wilson, Esq., of the law firm of Van Cise & Wilson, testified that in February or March, 1882, he found a paper connected with the Knowles & Marshman exemptions at the court house, and delivered it to Mr. Van Cise. Mr. Van Cise testified that he received the paper from Mr. Wilson soon after drawing the original answer in this case for the defendants Baer, Hood, Baird and Fox, and that he had never seen it before. The paper concerning which the witnesses testified was offered in evidence, and counsel made the following objection to its introduction: "Plaintiffs object to its introduction, as immaterial, irrelevant, and incompetent, for the reason, among others, that it is not shown to be a copy of any demand ever served upon the sheriff, and is not shown to have ever been authorized by Mrs. Knowles or Mrs. Marshman, and there is no evidence tending to show when it was served, but the evidence does show that it was not served within the statutory period, if at all." The objection was over-ruled and the paper, which is as follows, was received in evidence: "Wives' demand for Exemptions. To the sheriff of Lawrence county: Whereas C. H. Knowles and A. C. Marshman having failed to claim their exemptions allowed by law upon the notice of levy upon their personal property by you under and by virtue of writs of at-

tachment issued out of the district court in and for Lawrence county, D. T., and directed to you, in the cases of J. B. Tascott vs. Knowles & Marshman, Otho S. A. Sprague vs. Knowles & Marshman, Noyes Bros. & Cutler vs. Knowles & Marshman, Samuel A Tollman vs. Knowles & Marshman, the Western News Company vs. Knowles & Marshman, and John W. Enright vs. Knowles & Marshman. Now, therefore, you are hereby notified that we, Margaret Knowles, the wife of C. H. Knowles, and Cora B. Marshman, the wife of A. C. Marshman, hereby claim, as exempt from levy and execution, so much of the personal property of the said debtors, C. H. Knowles and A. C. Marshman, levied on by you, as, by limitation of value, we are entitled to under the laws of the Territory of Dakota, and demand an appraisement of said personal property, and hereby designate Seth Bullock of Deadwood, D. T., to make the appraisement in our behalf. Margaret C. Knowles, Cora B. Marshman. By their attorneys, W. H. Parker, and A. R. Z. Dawson. Deadwood, D. T., November 2nd, 1881.'' Mr. Dawson, who was at one time connected with Col. Parker as an attorney in the matter testified that Mr. Marshman came to them some time in the month of November, 1881, and was by them advised that the only thing that could be done at that time would be to have Mrs. Knowles and Mrs. Marshman put in a claim for exemptions, and that a paper, of which he presumed the foregoing to be a copy, was drawn up, either by himself or Col. Parker, and the claim was made upon the sheriff, although witness did not recollect the fact of the notice having been served upon the sheriff. Mr. Dawson's evidence was fully corroborated by Col. Parker who further testified, in effect, that he was afterwards employed by Knowles & Marshman to represent their wives in the matter; that he prepared the notice on their behalf, and believed that the notice set out in this opinion was a copy of the same. His best recollection was that he delivered it to the sheriff, Mr. Belding; and he was postive that it was left with the sheriff, and according to his

best recollection, there was an appraisement made under that notice.

Although the statements of the witnesses are not, in all particulars, direct and positive, and while there are facts and circumstances disclosed by the record, not appearing herein, which tend to diminish the force and effect of the evidence relating to the claim of the wives, the identification of the notice, the service of the same upon the sheriff, and the appraisement thereunder, there is at least a conflict in such evidence; and if the theory of the defense concerning the law of the case should be found to be correct, the objection was properly overruled, and the case was rightly submitted to the jury. Under the provisions of article 2 of chapter 13, Comp. Laws, a debtor may, by himself, his agent or attorney, in addition to exemptions therein made absolute, select, as exempt, personal property to the value of $1,500, which value is to be determined by three disinterested persons under the direction of the sheriff. The law makes it the duty of the debtor and creditor personally, or by their respective agents or attorneys, to each select one appraiser; and, if the two so selected fail to agree upon a third, he must be selected by the sheriff, and, if either the debtor or the creditor fail to select a person to act as one of their appraisers, the sheriff must make such selection. The three appraisers so selected must take and subscribe an oath before the sheriff, to be attached to the inventory of appraisement, that they will truly and honestly and impartially appraise the property of the debtor. If the debtor fail, for any reason, to claim the whole or any part of the exemptions to which he is by law entitled, his wife may make such claim in the same manner as the husband, and with like effect. An officer making a levy upon personal property is required to give notice thereof to the debtor, his agent or wife; and the debtor or such other person for him, must claim or demand the benefit of these exemptions within three days thereafter. Subdivision 5 of section 5138 is as follows: "A partnership firm can claim but

one exemption of fifteen hundred dollars in value, or the alternative property when so applicable, instead thereof, out of the partnership property, and not a several exemption for each partner." We have examined no statute, other than our own, which in express terms allows a partnership to claim an exemption out of the firm property; but the courts in several of the states have held, apparently without any express statutory provision, that a partner can claim an exemption out of partnership property. Stewart v. Brown, 37 N. Y. 350; Blanchard v. Paschal, 68 Ga. 32; Scott v. Kenan, 94 N. C. 296; Skinner v. Shannon, 44 Mich. 86, 6 N. W. 108; O'Gorman v. Fink, 57 Wis. 649, 15 N. W. 771; Servanti v. Lusk, 43 Cal. 238. Laws which exempt property to the debtor and his family are based upon considerations of sound public policy, and are designed to protect and to shield the helpless and dependent poor. In ascertaining the extent to which the legislature intended to promote the well-being of the unfortunate or improvident debtor and his dependencies, a liberal construction should be placed upon the terms of the statute creating the exemption right; and, although the common law appears to have offered no favors to the debtor or his family, a liberal rule of construction has been applied quite uniformily to the exemption laws, and seems to prevail in the states requiring statutes in derogation of the common law to be strictly construed. Mr. Sutherland says that "there are in the purpose and policy of exemption and homestead statutes considerations which make them remedial, and which neutralize the principles of strict construction." Suth. St. Const. p. 474. It will be observed that our statute makes it the primary duty of the attaching officer in all cases, to serve a notice of levy upon the debtor, his agent or wife, and in case neither can be conveniently found the notice must be given to a child of the debtor, provided there be one 16 years of age, and a member of the family; and if, in any case, or for any cause, the exemptions are claimed neither by the husband nor wife, the child may select and choose the

property, and select and designate one of the appraisers, and do all other acts necessary to secure the benefit of the statute. In the absence of evidence to the contrary, we must presume that each of the two members of the firm of Knowles & Marshman was the owner of an undivided one-half interest in the attached property, the aggregate value of which was by the jury found not to exceed $1,500; and, by exercising the statutory exemption right, each would be entitled to claim, as exempt, a $750 interest in the firm property for the use and benefit of his family. All exemption laws being enacted for the benefit of the debtor and his family, and there being a conflict in the adjudicated cases concerning the right of a debtor to claim out of partnership property an exemption, our legislature has wisely settled the question by a statutory enactment. One of the objects of the notice of levy, which in this state may be served, at the option of the officer, either upon the husband or wife, is to enable one or the other to assert the rights and protect the interests of the family, under the wise and benevolent provisions of the statute; and, if we conclude that the partner ship firm is alone entitled to claim as exempt $1,500 of the partnership property, it must of necessity follow that, in case partnership debtors abscond or secrete themselves, the service of the notice of levy upon the wife or the child, and all subsequent proceedings on their part, as directed by statute, must be idle and nugatory. In our opinion the statute which requires such service, and authorizes the wife to claim the exemptions in all cases where the debtor fails, from any cause, to do so, when construed in harmony with the legislative intention as expressed in other sections of the statute upon the same subject, is broad enough to extend to partnership property, when claimed in time by the wives or children of the partnership debtors.

Appellants' learned counsel maintain that the claim for exemptions, upon which defendants rely, was not made within the time required by statute, nor within a reasonable time

after the notice of levy. The statute requiring the officer to give to the debtor, his attorney, agent, or wife, a notice of levy provides that the debtor, or such other person for him, must claim or demand his exemptions within three days after such notice, and if in any case the debtor neglect or refuse, or for any cause fail, to claim the whole or any part of said exemptions, his wife is entitled to make such claim or demand. As the debtor is allowed three days in which to make the claim, it cannot be said that he is in default until the expiration of that time, and no force or effect can be given to the statute authorizing the wife to make the demand in case of a failure in that regard on the part of the husband, unless she can make the claim subsequent to the expiration of the three days allowed to her husband, as she would not be entitled to exercise the right within the three days, provided the notice of levy had been served upon her husband; and it is conceded to have been so served in the case before us, and not upon the wives. A statute requiring the wife to make the claim or demand forthwith thereafter would doubtless be construed to mean within a reasonable time after the failure of the husband to demand his exemptions; and, should it appear that the wives of Knowles and Marshman exercised their respective rights within a reasonable time after the failure of their husband so to do, we would be reluctant, in the absence of any statutory limitation as to them, to reverse this case upon that ground, should it appear that no one has been prejudiced by the delay. "Husbands there have been, and may again be," says Mr. Freeman in his work on Executions, "who are inattentive to their wives and children, or who willfully inflict upon them misery and want. The family of such a man, more than of any other, is within the spirit and the necessity of exemption laws; and it is a strange and preverse interpretation of these laws which denies their benefit, even temporarily, to a family whose head is, for the moment, absent from them, or who, though not absent, is indifferent to their fate. * * * Regarding the

time within which the right to exemptions must be claimed, there is some difference of opinion. The rule most generally recognized is that the claim will, under ordinary circumstances not be too late, if made at any time previous to the sale." 1 Freem. Ex'ns, 212. Section 507 of the North Carolina Code provides that: "Whenever the personal property of any resident of this state shall be levied upon, * * * the owner, or any agent or attorney in his behalf shall demand, that the same or any part thereof shall be exempt from sale under such execution, * * * ." In Sheppard v. Murrill, 90 N. C. 208, the court in construing the above statute, say: "We cannot doubt that a just construction of the statute gives the execution debtor the right, at any time after the levy upon his property and before the sale thereof, to demand that his personal property exemption shall be ascertained." To the same effect, see Chesney v. Francisco, 12 Neb. 626, 12 N. W. 94; Robinson v. Hughes (Ind. Sup.) 20 N. E. 220; Rice v. Nolan, 33 Kan. 28, 5 Pac. 437; Daniels v. Hamilton, 52 Ala. 108; Thomp. Homest. & Ex. 8-9. From State v. Emmerson, 74 Mo. 607, we quote without comment the following: "A defendant entitled to claim property as exempt from execution may exercise his right at any time before the property is sold. It need not be before the commencement of the sale."

At the close of defendants' testimony, counsel for plaintiffs moved to strike out all the evidence in relation to the claim for exemptions alleged to have been made by Margaret C. Knowles and Cora B. Marshman, on the ground that the evidence failed to show that the same was made within three days after the service of the notice of levy, or within a reasonable time thereafter, or that the same was legally made at any time, or by any person authorized to assert or present an exemption claim in the stock of goods attached by the sheriff. Although the record fails to affirmatively show that the court expressly determined, as a matter of law, upon the facts and circumstances in evidence, that the claim of the wives was

made in time to be effectual, the overruling of the motion, and the failure of the court to submit the question of reasonable time to the jury, and the failure of appellants' counsel to request a specific instruction upon that point, suggest and support a warranted presumption that the court treated the demand of the wives as having been made within a reasonable time; and appellants' fourteenth assignment of error is sufficient to bring the action of the court in that regard before us for review. The undisputed evidence shows that the notice of levy was served upon Knowles & Marshman on the 27th day of September. Consequently, the time within which they could claim property as exempt expired on the 30th of that month. The claim of the wives was dated November 2d, following, and the appraisement thereunder seems to have been made some time during the succeeding February or March. It will be noticed that, during the month the exemption claim of Mrs. Knowles and Mrs. Marshman was prepared by their attorneys, William G. Knowles commenced a suit involving the ownership of the attached property, against the sheriff, and this suit was determined in favor of the sheriff some time during the month of January of the following year, and the attachment debtors, Knowles & Marshman, immediately thereafter put in claim for exemptions, concerning which there seems to have been some contention, in which all the interested parties appear to have participated. Upon all the facts and circumstances disclosed by the record, and in view of the fact that no steps had been taken towards a sale of the attached property, and in the absence of any claim that plaintiffs were prejudiced by the delay, we are disposed to hold that the claim acted upon by the appraisers was made within a reasonable time.

It is urged that the authority of the attorney making the claim for Mrs. Knowles and Mrs. Marshman is not shown, that the appraisers were not shown to have been properly selected or legally qualified, and that the appraisement was not returned with the warrant of attachment, as required by law.

Although Col. Parker's testimony shows that neither of the ladies counseled him personally about the exemption claim, he used, on cross-examination, the following sentence: "Mrs. Knowles and Mrs. Marshman, I think both employed me." The statute provides that the demand may be made by an attorney of the claimant, and the law presumes, in the absence of evidence, that an attorney at law, who has acted as such in a matter within the scope of his professional duties, was employed and authorized to so act. Shain v. Forbes, 82 Cal. 577, 23 Pac. 198, 1 Rice Ev. 103.

As affirmatively shown by the evidence, one of the appraisers was selected as required by statute, by the wives of Knowles and Marshman, and named in their claim for exemptions. It was the duty of the attaching creditors to select one, and it was the duty of the two appraisers thus chosen to select a third; and in case they fail to agree the sheriff is required to choose the third, and if either the debtor or creditor fail to select a person to act the sheriff must make the selection for them. The three appraisers so selected must take and subscribe an oath before the sheriff, to be attached to the appraisement, that they will truly, honestly, and impartially appraise the property of the debtor. Comp. Laws, § § 5131, 5132. The record fails to disclose the manner in which two of the appraisers were chosen, and, although the required oath was administered to the three appraisers by the proper officer, it does not affirmatively appear that it was subscribed by them, and returned with the inventory of appraisement. The evidence shows that William E. Lowe and Dr. Kelly acted with Seth Bullock, the appraiser chosen by Mrs. Knowles, and Mrs. Marshman; and in the absence of any prejudice to, or effort on the part of appellants to introduce evidence to question, collaterally or otherwise, the authority of these officers, and in the face of the fact that the inventory of appraisement was made, returned, and lost 10 years before the trial of this cause, we must presume that the officers properly performed their re-

spective duties, and that their acts were authorized. Unless controverted, it will be presumed that a person acting as an officer appointive or elective, has been regularly appointed or elected to such office, and that he has properly performed his official duty. 1 Rice, Ev. 57; Mechem, Pub. Off. 579, and cases there cited.

It is maintained by learned counsel for appellants that Knowles and Marshman, having fraudulently conveyed their property to William G. Knowles four days prior to the levy of the attachment thereon, are estopped from claiming any of such property which is not absolutely exempt under the provisions of our statute. The possession of property not subject to execution, because the same is exempt to the debtor and his family, does not create a fictitious or delusive credit; and, as the stock of goods conveyed before the attachment issued was found to be exempt by limitation of value, plaintiffs were not injured. They had no lien upon the property before the levy. They are presumed to have known at the time the credit was extended that Knowles & Marshman could claim, as exempt, property to the value of $1,500, and to have contracted with reference to the law. The authorities strongly fortify the position; and it has been held in this jurisdiction that exempt property is not susceptible of being fraudulently disposed of or alienated to the prejudice of a creditor. Bank v. North (S. D.) 51 N. W. 96; Bates v. Callender, 3 Dak. 256, 16 N. W. 506. In State v. Carson (Neb.) 43 N. W. 361, the court held that: "The fact that relator, who was the head of a family, transferred the property to his wife, who instituted an action in replevin against the officer making the levy, but was unsuccessful in her suit,—the property being held to be that of her husband,— will not deprive the debtor of the benefit of the exemption laws, even though he may have testified upon the trial that the property belonged to his wife, and that he had no interest in it." To the effect that a judgment debtor is not estopped, by the fraudulent disposition of his property, from claiming his

statutory exemptions, see Sannoner v. King (Ark.) 5 S. W. 327; Airey v. Buchanan (Miss.) 1 South. 101; Sears v. Hanks, 14 Ohio St. 298; McAbe v. Thompson (Minn.) 6 N. W. 479; Elder v. Williams, 16 Nev. 416; Vaughan v. Thompson, 17 Ill. 78; Bell v. Devore, 96 Ill. 217; 1 Freem. Ex'ns, 214a, and cases there cited. The entire record in this case, viewed in the light of the law applicable thereto, presents in our opinion, no reversible error, and the judgment is affirmed.