## MEYER V. BEAVER, Sheriff.

1. An alternative writ of mandamus to compel a sheriff to restore to plaintiff
   property claimed by her as exempt, out of the property of her husband
   in defendant's possession, under a writ of attachment against plaintiff's
   husband, cannot, on demurrer, be held to show that plaintiff's claim for
   exemptions, under Comp. Laws, Sec. 5133, in default of claim by her
   husband, was unreasonably delayed—it being alleged that she made her
   claim within a reasonable time; that the claim was made November 25th;
   that it was not sooner made because of proceedings theretofore pending,
   which led her to believe it would not be necessary; that immediately on
   said levy, on October 18th, proceedings were begun by her husband,
   which resulted in an order of disolution of the attachment October 27th;
   that plaintiff in attachment attempted to appeal from such order, and
   had not secured suficient securities when the mandamus proceeding
   was begun.

2. Absolute exemptions, defined in the sections preceding Comp. Laws, Sec.
   5133, are within the provision of said section that, if in any case the
   debtor fails to claim "the whole or any of the aforesaid exemptions,"
   his wife is entitled to make such claim.

3. An alternative writ of mandamus to compel a sheriff to restore exemp-
   tions which have been claimed out of property taken on attachment is
   not demurrable because failing to allege that the attachment was not is-
   sued for laborers' or mechanics' wages, or for a physician's bill; it being
   conceded that part of the property is absolutely exempt.

(Opinion filed Aug 5, 1896.)

Appeal from circuit court, Meade county.    Hon. CHARLES
M. THOMAS, Judge.

Mandamus proceedings by Amelia Meyer against Volun-
teer M. Beaver, as sheriff of Meade county, S. D.    Demurrer
to the alternative writ was overruled, and peremptory writ
awarded.    Defendant appeals.    Affirmed.

The facts are stated in the opinion.

*M. McMahon* and *McLaughlin & McLaughlin*, for appellant.

*Martin & Mason*, for respondent.

HANEY, J.   This proceeding is to compel defendant as sheriff, to comply with plaintiff's claim for exemptions out of her husband's property in his possession, under a writ of attachment against her husband.   Defendant's demurrer to the alternative writ, on the ground that it does not state facts sufficient to warrant the relief demanded, having been overruled, and a peremptory writ awarded, he appeals.

It is alleged in the alternative writ that defendant is sheriff; that plaintiff is, and has been for years, the wife of William Meyer; that Meyer is, and has been for years past, the head of a family, consisting of himself, his wife and one child, all of whom have been, for years last past, residents of Meade county in this state, and engaged in the business of farming therein; that October 13, 1893, a warrant of attachment from the circuit court was levied upon certain personal property, describing it; that the property so levied upon is, and was at the time of said levy, all of the property of Meyer, including all the provisions provided for himself and family, and which are and were necessary for one year's supply for them; that Meyer neglected and failed to claim the exemptions allowed by law from the property so levied upon; that thereupon, and within a reasonable time thereafter, the plaintiff, desiring to avail herself of the benefits of the law in that regard, made claim to such exemptions, alleging the steps required by law in making such claim; that the claim was made November 25, 1893; that it was not sooner made because of proceedings theretofore pending, relative to such levy, which led her to believe that there would be no necessity for making such claim; that immediately upon said levy, on October 18th, at the instance of her husband, proceedings were begun, which resulted in an order dissolving the attachment on October 27th; that the plaintiff, in the attach-

ment case, attempted to appeal from such order, and had not secured sufficient sureties to affect an appeal when this proceeding was begun; that neither plaintiff nor her husband has been, or is, in the act of removing from the state, nor have they absconded therefrom, nor are they non-residents thereof, nor was the debt upon which said attachment was issued incurred for property obtained under false pretenses; that plaintiff is the person beneficially interested in this proceeding; and that she has no plain, speedy and adequate remedy at law for the wrong done her.

This court decided in Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069, that, where a husband fails to make a demand for exemptions within three days after receiving notice of levy, his wife is entitled to a resonable time thereafter in which to make the claim. In the case at bar it is alleged the plaintiff made her claim within a reasonsonable time. The allegation is admitted by the demurrer; and as there are no allegations upon which the court could have concluded, as matter of law, that the demand was unreasonably delayed, the alternative writ was not defective in this respect.

Appellant contends that the wife's right to claim exemptions upon her husband's failure to do so does not apply to property absolutely exempt, and that the sheriff cannot be compelled to set off to her property belonging to her husband. The statute is as follows: "If, in any case the debtor neglect, or refuse, or for any cause fail to claim the whole or any of the aforesaid exemptions, his wife is entitled to make such a claim or demand, and to select and choose the property, to select and designate one of the appraisers, and to do all other acts necessary in the premises, the same and with like effect as the debtor himself might do; and if she neglect, refuse, or for any cause fail so to do, in whole or in part, then one of their children, of sixteen years of age and upwards, being a member of the family, may do so in like manner and with like effect." Comp. Laws, § 5133. As the absolute exemptions are defined in the

sections preceding the one quoted, it seems clear they are included in the phrase "any of the aforesaid exemptions." Our exemption law, based upon considerations of sound public policy, was designed for the benefit of the debtor and his family, and the entire statute upon the subject should be considered and liberally construed. Noyes v. Belding, *supra.* Absolute exemptions, including necessaries and articles of peculiar worth because of the most sacred associations, but usually of little market value, are more essential to the protection of unfortunate families than any other class of exemptions. It is hardly reasonable to suppose the legislature intended to exclude them from the operation of the foregoing section. It is suggested that any claim of absolute exemptions is unnecessary. This may be true, but it is equally true that sheriffs have no right to seize absolutely exempt property, and should be compelled to restore it instantly. It is not the design of the statute or the object of this proceeding to deprive the husband of his property by delivering it to the wife. The title of the property is not involved, nor will it be affected. The law seeks to protect, not only the debtor, but his family; more especially the latter. The husband having failed to invoke its aid, his wife assumes that duty; and the property required for the family's support is merely restored to its proper use, while the legal title remains in the husband.

Counsel suggest that plaintiff should have alleged that the attachment was not issued for laborers' or mechanics' wages, or for a physician's bill. If she was entitled to any relief whatever, the demurrer was properly overruled. It is conceded that part of the property was absolutely exempt. As to that part, plaintiff was clearly entitled to a mandate of the court requiring its restoration. It is therefore unnecessary to decide whether plaintiff should have negatived these exceptions. The order appealed from is affirmed.