## THOMPSON v. DONAHOE, Sheriff.

1.  Where, in an action against a sheriff for wrongful levy, it was alleged that on or about the 7th day of November, 1899, C. T., who was, and ever since has been. and now is the wife of the plaintiff, duly claimed all the personal property levied on, as exempt, etc., an objection that the complaint was defective for failure to allege that plaintiff was the head of the family was untenable.

2.  Where, in an action for wrongful levy on property claimed to be exempt, the complaint charged that all the acts done by plaintiff, his wife, and the sheriff were done within the county and state in which the suit was brought, and there was nothing in the complaint to indicate that plaintiff was a non-resident, an objection that, because the complaint did not affirmatively allege that plaintiff was a resident, it did not show that he was entitled to exemptions, was not well founded.

3. Comp. Laws, § 5133, declares that, if a debtor neglect or refuse to claim exemptions, his wife is entitled to make such claim, and do all acts necessary in the premises. Held, that where on the refusal of a husband to claim exemptions after levy, his wife claims them, the effect of such demand is the same as if made by the husband, and the husband is entitled to recover from the sheriff as for a wrongful levy on his refusal to have the property appraised, etc.

(Opinion filed Oct. 7th, 1902.)

Appeal from circuit court, Minnehaha county; Hon JOSEPH W. JONES, Judge.

Action by Soren Thompson against Den Donahoe, sheriff, to recover for a wrongful levy. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Kirby & Winsor* and *G. R. Krause,* for appellant.

*Robertson & Dougherty,* for respondent.

HANEY, P. J. The only error assigned on this appeal is that the court erred in overruling defendant's objection to the introduction of any evidence on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action. It appears upon the face of the complaint that the defendant as sheriff, levied upon certain wheat owned by the plaintiff; that the plaintiff "failed, neglected and refused to claim his exemptions within the time allowed by law"; that thereafter they were claimed by his wife; that plaintiff and his wife were notified by defendant in writing that an appraisement would be made at a certain time and place, at which time and place defendant refused to make any appraisement, and thereafter wrongfully and unlawfully took and carried away from the possession of the plaintiff about 350 bushels of the plain-

tiff's wheat, and converted the same to his own use; that the return of such wheat was demanded before the commencement of this action; and that the wheat so taken was of the reasonable value of $350.

The contention that the complaint is fatally defective because it fails to allege that the plaintiff is the head of a family and a resident of this state is untenable. Objections to the sufficiency of a complaint made for the first time at the trial or in this court are not regarded with favor. In reviewing the ruling of the lower court here assigned as error, it is the duty of this court to give the plaintiff's pleading the most liberal construction. It is alleged that "on or about the 17th day of November, 1899, one Christina M. Thompson, who then was, ever since has been, and now is the wife of this plaintiff, duly claimed all of the personal property," etc. The plaintiff and his wife constitute a family, and presumptively he is the head of such family. Linander v. Longstaff, 7 S. D. 157, 63 N. W. 775. All the acts alleged to have been done by the plaintiff, his wife and the defendant are alleged to have been done in Minnehaha county, in this state. There is nothing in the complaint to indicate that the plaintiff is a nonresident. Every fair and reasonable inference from the facts stated therein compel the contrary conclusion.

The contention that the plaintiff cannot maintain this action because it appears upon the face of the complaint that he "failed, neglected, and refused to claim his exemptions," and they were subsequently claimed by his wife, is also untenable. "If, in any case the debtor neglect, or refuse, or for any cause fail to claim the whole or any of the aforesaid exemptions, his wife is entitled to make such claim or demand, and to select

and choose the property, to select and designate one of the appraisers, and to do all other acts necessary in the premises, the same and with like effect as the debtor himself might do; and if she neglect, refuse, or for any cause fail so to do, in whole or in part, then one of their children, of sixteen years of age and upwards, being a member of the family, may do so in like manner and with like effect." Comp. Laws, § 5133. It is not the design of the statute or the object of this proceeding to deprive the husband of his property by delivering it to the wife. The title of the property is not involved, nor will it be affected. The law seeks to protect not only the debtor, but his family—more especially the latter. The husband having failed to invoke its aid, his wife assumes that duty; and the property required for the family's support is merely restored to its proper use, while the legal title remains in the husband. Meyer v. Beaver, 9 S. D. 168, 68 N. W. 310. Immediately upon the claim of exemptions being made, either by the husband or any member of the family, in the manner prescribed by the statute, it becomes the duty of the officer to recognize such claim; and, if he refuses or neglects so to do, certainly the person holding the legal title to the property may sue to recover its possession or value. As declared by the statute, the effect of the demand made by the wife was the same as if made by her husband.

The judgment of the circuit court is affirmed.