[No. 6259.]

# W. FRED. RICHARDS v. D. S. KIRKPATRICK AND ANDREW OLCESE.

WHEN INJUNCTION NOT ALLOWABLE.—A party is not entitled to an injunction in a case where he has a plain, speedy, and adequate remedy at law.

REPLEVIN AS A REMEDY.—An action of claim and delivery, instituted by such party, in which the Sheriff has taken and is holding the possession of the property, is a plain, speedy, and adequate remedy as against a threatened sale of the property by a Constable, from whose possession it was taken by the Sheriff.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

Bill to obtain an injunction restraining a Constable's sale of personal property on execution. The Court overruled a general demurrer to the bill, and denied a motion to dissolve the injunction granted in pursuance of the prayer of the bill. Defendant appealed. The other facts are stated in the opinion.

*Wigginton, Farrar & Barry,* for Appellants.

The motion to dissolve was made in the Court below, upon the grounds: First, that "the complaint shows by its averments that the plaintiff has a full and adequate remedy at law for the wrongs and injuries therein set forth." And, second, that "the said complaint does not show sufficient equitable grounds to entitle the plaintiff to the extraordinary writ of injunction."

The first allegation of the complaint is that the plaintiff is "the absolute owner and entitled to the immediate possession" of the property the Court is asked to restrain, by injunction, the defendants from selling, removing, or in anywise interfering with.

If this be true, then the remedy at law of, the plaintiff is plainly laid down in chap. 2 of title 7 of the Code of Civil Procedure.

If the allegation had been that the plaintiff, though the owner, etc., had not the immediate right of possession, etc., injunction would have been his only adequate remedy. (*Ford* v.

*Rigby & Irwin*, 10 Cal: 449.) But it seems, by the fourth allegation of the. complaint, that the plaintiff did avail himself, or attempted so to do, of the remedy provided by said chap. 2 of title 7 of the Code of Civil Procedure. From this allegation no other .inference can be drawn' than that the Sheriff, at the time of the issuance of the injunction, had the property in dispute in his possession, for the allegation is : " And process and affidavit and bond, and notice to Sheriff to take said property, as required by law in such actions, have been duly issued, made, and served."

*L. F. Jones* and *J. H. McKune*, for Respondent.

The equities stated in the complaint are sufficient to sustain an injunction.

The plaintiff shows that great and irreparable injury will result. A sale by defendants would entail a multiplicity of suits. Great damage and loss, difficult and impossible of accurate or reasonable ascertainment, would ensue.

These matters are not denied, and they are sufficient to sustain an injunction if the rule had been made absolute. (*Boston Franklinite Co.* v. *N. J. Zinc Co.* 2 Beasley Eq. 215.)

By the Court, RHODES, J. :

One of the defendants, Olcese, having obtained a judgment against Ivy, caused an execution to be issued, and the other defendant, as a Constable, levied the execution upon the personal property in controversy, as the property of Ivy, and is about to sell the same in satisfaction of the execution. Two days after the levy, the plaintiff commenced an action of claim and delivery against the Constable for the recovery of the property, and, as alleged in the complaint in this action, process was issued, by virtue of which the Sheriff took possession of the property. This action was instituted to restrain the sale of the property under the execution above mentioned, and was brought two days after the action of claim and delivery.

A party is not entitled to an injunction in a case where he has a plain, speedy, and adequate remedy at law. . (*Leach* v. *Day*,

27 Cal. 643; *Rahm* v. *Minis*, 40 Cal. 421.) No reason is given why the plaintiff could not obtain all the relief to which he is entitled in the pending action of claim and delivery. While the property is held by the Sheriff under the process in that action the Constable cannot sell it, and should the property be redelivered by the Sheriff to the Constable upon his execution of the statutory undertaking, that undertaking is presumptively sufficient protection to the plaintiff should he recover a judgment in that action.

Order reversed and cause remanded.