## LINANDER v. LONGSTAFF, Sheriff.

1. Claim and delivery is a proper action to recover exempt property seized and wrongfully detained by an attaching officer.

2. A failure to act upon or recognize a valid claim for exempt property scheduled as required by section 5130, Comp. Laws, by the attachment debtor, who has named an appraiser in accordance with section 5131, is no defense to an action against the sheriff to recover the possession or value of such property.

3. While the husband is presumptively the head of the family, conditions may exist that place the wife in that relation, and enable her as such to claim from her separate estate for herself and those having a legal right to look to her for support and maintenance the property which the statute exempts to the head of the family from execution and sale.

(Syllabus by the Court. Opinion filed June 15, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMP-BELL, Judge.

Action in claim and delivery. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*John L. Pyle,* for appellant.

Property seized by an officer by virtue of a process is in the custody of the law and cannot be seized upon by any other court, and a defendant, and owner of a chattel, cannot maintain an action of replevin against an officer for possession of goods taken from him by virtue of legal process issued against him. Cooley v. Davis, 34 Ia. 129; Frink v. Israel, 5 Ia. 450; Thompson v. Button, 14 Johns 84; Kellogg v. Churchhill, 2 N. H. 412; Freeman v. Howe, 24 How. U. S. 450; Deshler v. Dodge, 16 How. U. S. 622; Musgrove v. Hall, 40 Me. 498; Griffin v. Smith, 22 Wis. 647; Watkins kins v. Page, 2 Wis. 98; Weinberg v. Conover, 4 Wis. 803; Porter v. Davidson, 62 Fed. 626; Covell v. Hayman, 111 U. S. 176; State v. Sanford, 11 N. W. 868. Where an officer levies upon property exempt from execution, and upon an inventory being filed by the debtor, he refuses to select appraisers, the debtor has no other adequate remedy and mandamus will lie to compel him to select and replevin and conversion are not available. People v. McClay, 2 Neb. 7; State v. Cunningham, 6 Neb. 90; State v. Gillipsie, 4 N. W. 239; Mann v. Welton, 32 N. W. 599; State v. Crumpis, 14 N. W. 409; State v. Spiva, 42 Fed. 435; Koehler v. Dabbes, 18 N. W. 841; Powers v. Kinshi, 17 N. W. 689;

Orr v. Box, 22 Minn. 485; Tullis v. Orthwayne, 5 Minn. 377; Holland v. Fuller, 8 Minn. 50. A levy and notice thereof in attachment proceedings must precede the claim for exemptions as well as the appraisement which is to carry out this claim for exemptions. Bates v. Callendar, 3 Dak. 256; Gass v. Van Wagoner, 30 N. W. 198.

*E. H. Aplin,* for respondent.

The object of replevin suit is the recovery of the thing itself; the value is received only in the alternative that the property is not returned. Hunt v. Robinson, 11 Cal. 262; Middlesworth v. Sedgwick, 10 Cal. 392; Griffith v. Bogardus, 14 Cal. 410; Rogers v. Huie, 2 Cal. 571; Lazard v. Wheeler, 22 Cal. 139.

Replevin will lie against an officer for exempt property attached by the officer after inventory and appraisement under the poor laws. Bean v. Hubbard, 4 Cush. 86; Wilson v. McQueen, 1 Heisk. 17; Lynd v. Pickett, 7 Minn. 184; Sims v. Reid, 12 B. Mon. 53; Moseley v. Andrews, 4 Miss. 55; Elliott v. Whitmore, 5 Mich. 532; Newell v. Hayden, 8 Ia. 140; Seaman v. Luce, 23 Barb. 240; Bender v. Baine, 59 N. W. 105; Starret v. Deerfield, 59 N. W. 352; Wilson v. Stripe, 4 Green 551; Wells on Replevin, § 268.

An officer with a writ of attachment need not ask what property is exempt, but should levy and let debtor make his claim under the exemption law of the state. Truman v. Swart, 4 Laws N. Y. 263. Replevin is the proper remedy where property has been seized by an officer and is being held under a writ and is about to be sold. Richard v. Kirkpatrick, 53 Cal. 433; Harris v. Austell, 2 Bax. 151; Westenburger v. Wheaton, 8 Kas. 169; Wilson v. Fuller, 9 Kas. 177. A judgment debtor whose exempt property has been seized under an execution, can maintain replevin against the sheriff therefor. Rose v. Hawthorne, 55 Miss. 557; Garbarough v. Harper, 25 Miss. 112; Tod v. Dyer, 26 Miss. 243; Hopkins v. Drake, 44 Miss. 619. The exemption law is for the benefit of the family of the debtor and its benefits may be claimed by the actual head of the family then residing in the state although the husband may have absconded. Frazier v. Syas, 4 N. W. 934;

Banker v. Collins, 4 Neb. 496; McHugh v. Curtis, 48 Mich. 262; McCoy v. Brennon, 61 Mich. 362; Tyon v. Reynolds, 52 Ia. 431; Arnold v. Waltz, 53 Ia. 706.

FULLER, J. To recover the possession or value of certain exempt property this action in claim and delivery was instituted against the sheriff in the court below, and successfully prosecuted to judgment. The facts essential to a determination of this appeal which was taken by the defendant from the judgment and an order overruling a motion for a new trial, are, in effect, as follows: Upon the ground that the property in controversy was obtained by means of false and fraudulent representations, a stock of boots and shoes kept by plaintiff for the purpose of retail trade was seized by the defendant on the 11th day of September, 1893, under an attachment issued from the county court in an action then and there pending, wherein Kellogg, Johnson & Co., was plaintiff and Maria C. Linander was defendant. After issue was joined, and at the commencement of the trial, a written stipulation was entered into and filed in open court, whereby plaintiff was allowed to take judgment for the amount claimed in its complaint as due from defendant on account, without trying the allegations set up in the complaint as to the goods being fraudulently obtained; and it was expressly agreed that neither party should be prejudiced in any manner by a failure to litigate in that suit the allegation that the goods were obtained by defendant from plaintiff under false pretenses and representations, and that a judgment should not be entered for goods, wares, and merchandise thus obtained. Prior to the entry of judgment upon the foregoing stipulation, and within the statutory time, the defendant, claiming to be the head of a family, made and served upon the attaching officer a written demand in the usual form for the exemptions allowed by law, and in accordance with the statute designating an appraiser therein; and the contention of counsel for appellant that plaintiff cannot recover in this action against the sheriff, as no further proceedings were had upon her claim for exemptions, and because the property

inventoried by plaintiff as exempt to herself and family has been sold, since the commencement of this suit on execution, in satisfaction of said judgment, cannot be entertained. Plaintiff had taken the initiatory steps essential to the preservation of her exemptions, and it was incumbent upon the sheriff to proceed with an appraisement of the scheduled property as required by sections 5131, 5132 of the Compiled Laws. This court has held, in an action by an execution debtor against an officer to recover the value of property thus seized and sold, that he cannot defeat an exemption right by failing to have an appraisement made in response to a valid claim therefor. Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840. Under section 4973 of the Compiled Laws, claim and delivery is a proper action to recover exempt property seized and wrongfully detained by an attaching officer, after a refusal by such officer to act upon or recognize a valid claim and demand therefor. Lazard v. Wheeler, 22 Cal. 139; Douch v. Rahner, 61 Ind. 64; Westenberger v. Wheaton, 8 Kan. 169; Richards v. Kilpatrick, 53 Cal. 433; Cobbey, Repl. 309. No motion was ever made to dissolve the attachment, and judgment by stipulation was entered into without litigating the averment in the complaint and affidavit for an attachment that the property for the value of which the suit was instituted was obtained by false pretenses; but as that question was rightfully before the court, and at issue in this case, and the jury found in effect and from the undisputed evidence that said property was not so obtained, further inquiry in that regard is precluded. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Noyes v. Belding, (S. D.) 62 N. W. 953.

Whether plaintiff, a married woman, is, in contemplation of law and the facts before us, the head of a family, and as such entitled to claim the exemptions allowed by law, is the only remaining question that demands attention, and a determination thereof requires an examination of the statute, as well as the evidence pertaining to the relation of plaintiff to her husband and the children of which the family is composed. Section 5128 of the

Compiled Laws, as amended bv chapter 86 of the Session Laws of 1890, exempts to the debtor, if the head of a family, personal property not to exceed in the aggregate $750 in value; and, relying upon section 2587, which declares the husband to be the head of the family, counsel for appellant confidently maintains that in no event can the wife successfully claim, as the head of the family, the property designated as exempt to the debtor and those who may legally look to him for support and maintenance. The beneficent considerations which prompt the enactment of humane exemption laws and require a liberal construction of the same have been so often repeated by text writers, and so uniformly applied by the courts, that a discussion of the subject or citation of authorities would be entirely gratuitous. In Noyes v. Belding (S. D.) 59 N. W. 1069, this court held, in case of failure upon the part of a debtor who was the head of a family to demand exemptions for himself and those depending upon him for support, that his wife could make the claim, and select the property from the assets of the partnership of which her husband was a member. Section 2588 of the Compiled Laws in express terms makes it the legal duty of the wife to support her husband when he has no separate property, and is unable, from infirmity, to support himself; and, while the husband is presumptively the head of the family, conditions may exist which would impose that duty upon the wife, and enable her, as the head of the family, to claim from her separate estate the property which the statute protects from execution and sale. The statute places the husband primarily at the head of the family, because the Creator, in his infinite wisdom, endowed man with superior physical strength; but when from infirmity, misfortune, or dissipation he is no longer able to provide for himself and family, and the responsibility is sifted to the shoulders of the wife, the legislature has not deprived her of the exemption right, and at the same time imposed the responsibility of supporting her husband and maintaining the home and family. The evidence in this case, which is practically undisputed, sufficiently shows that the plaintiff had saved from her earnings as a midwife

$500, with which she purchased the stock of boots and shoes levied upon by the defendant sheriff, and at the time of the seizure, and for about four years prior thereto, had been engaged in retail trade; that her husband was without means, and afflicted with an incurable disease, which had for some years rendered him unable to perform manual labor or successfully attend to business; that the plaintiff had supported the children of which the family was composed and maintained her husband out of the money obtained from the business in which she was engaged; and the boots and shoes, valued at $750, scheduled and claimed by her as exempt, were all the property which she attempted to withold from creditors. It is clear from an examination of all the statutory provisions relating to the subject of exemptions that the legislature did not intend to confer upon the head of the family, apart from the family itself, any individual consideration or benefit; but the statute is designed to protect the family, and when the husband has ceased to be the head of the family, either by death, abandonment, or infirmity, and the wife, by reason thereof, has of necessity assumed as a mat- of fact that responsible relation, the law, recognizing existing conditions, allows her, as the head of the family, to claim the exemptions withheld from the invasion of judicial encroachment. The evidence was rightfully submitted to the jury, and considered in the light of instructions which fully presented the law of the case. Upon a verdict for plaintiff, judgment was entered, and the same is affirmed.