PEOPLE'S NATIONAL BANK, Appellant, v. BOYLES et al., Respondents.

(148 N. W. 135.)

**Exemptions—Garnishment—Claim of Exemption by Pleading—Statute.**
    Under Laws 1909, Ch. 156, Sec. 14, Authorizing a defendant in a proceeding against a garnishee, to defend, on ground of exemption from execution, etc., **held,** that an answer by defendant, to garnishee's return, alleging facts showing that the money attempted to be garnisheed was exempt from execution, was a sufficient claim of exemption, without making and delivering to the officer serving the process a verified schedule of defendant's personalty pursuant to Code Civ. Proc., Sec. 355.
        Smith, P. J., and McCoy, J., not sitting.

(Opinion filed July 18, 1914.)

Appeal from Circuit Court, Fall River County. Hon. Levi. McGee, Judge.

Action by the People's National Bank against Pat Boyles and another, upon a promissory note; in which the Cable Transfer Company and another were summoned as garnishees. From a judgment dismissing the garnishee proceeding, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Juckett & Adams,* for Appellant.
*Eastman & Dudley,* for Respondent.

Appellant cited:

Lindley v. Miller, 67 Ill. 244; Griffin v. Maxwell, 23 Ill. Appeals, 405; Alder v. Yeoman, 29 Ill. Appeals, 53; Pirie v. Harkness, 3 S. D. 178; Longley v. Daly, 1 S. D. 257; 12 Am. & Eng. Encyc. 198 and 223; Amer. & Eng. Encyc., Vol. XII, 198; Burchall v. Goldstein, 136 N. W. (N. D.) 243; Black Hills Telegraph and Telephone Company v. Mitchell et al., 11 S. D. 615.

Respondents submitted: That Laws 1909, Ch. 156, provides for the whole matter of defending a proceeding against a garnishee, by setting up claim of exemptions, and including the procedure; and cited:

Laws 1909, Ch. 156, Secs. 14, 15, 22.

POLLEY, J. This action is against respondent as defendant and two others named as garnishees. The merits of appellant's claim against respondent are not involved on this appeal, and need not be noticed:

In response to the garnishee summons, the garnishees made return, admitting themselves to be indebted to respondents in a certain sum of money which was afterward paid into court. Pursuant to the provisions of Sec. 14 Ch. 156 Laws of 1909, respondent served and filed an answer to the return of the garnishees, the material part of which is as follows:

"That the note sued upon in the above entitled action was not given on a debt incurred for laborers' or mechanics' wages or for physicians' bills nor for necessaries of life;

"That this answering defendant is the head of a family dependent upon him for support and is a resident of South Dakota;

"That the money, to-wit, $115 so attempted to be garnisheed by the plaintiff in the above entitled action, is the only money or property of every kind, character and nature whatsoever (except household goods and wearing apparel of the defendant and his family which is absolutely exempt) that is now or was at the time of the service of said summons and affidavit in garnishment owned by this answering defendant;"—and praying that said money be decreed to be exempt from levy on execution or process in garnishment; that the garnishment proceedings be dismissed and that said sum of money be forthwith paid to respondent. Appellant demurred to this answer on the ground that it did not state facts

19—Vol. 34, S. D.

sufficient to constitute a defense to plaintiff's complaint or defense to said garnishment proceeding. This demurrer was overruled by the court and appellant filed a reply in which he denied the above allegations in respondent's answer. The issues thus raised were tried by the court, who found for respondent upon the allegations contained in the answer and as a conclusion of law that the claim of exemptions made by respondent, in his answer to the return in garnishment, was a compliance with Sec. 14 Ch. 156 Laws of 1909, and was the only claim of exemptions necessary in a proceeding in garnishment in the circuit court; that the sum of money so garnisheed was exempt from levy on execution or process in garnishment; that the same should be surrendered to respondent; that the garnishee proceedings should be dismissed, and entered judgment accordingly. Motion for new trial was overruled and plaintiff appeals.

Sec. 14, Ch. 156, Laws of 1909, is as follows: "The defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant or for any other reason is not liable to garnishment; or, upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests. And the garnishee may at his option defend the principal action for the defendant, if the latter does not, but shall be under no obligations so to do."

It is contended by respondent that, under the provisions of this section, his answer constituted a sufficient claim of exemptions, and that it was the duty of the court to try and determine that issue; while the appellant insists that a valid claim of exemption can be made only by making a verified schedule and delivering the same to the officer serving the process, as required by the provisions of Secs. 355 Code Civ. Proc.; that this was not done, and, therefore, respondent had not brought himself within the protection of the exemption law. To this proposition, we cannot agree. Ch. 156 Laws of 1909 purports to afford a complete remedy in garnishment proceedings—a complete code in itself, including a debtor's claim of exemptions where a garnishee has dis-

closed an indebtedness to the defendant. Prior to the enactment of that statute, there was no provision for garnishment proceedings in the circuit courts of this state. The entire proceeding, so far as that court is concerned, is new, and it was just as competent for the legislature to include in that act a provision whereby a debtor could claim his exemptions and the steps necessary to assert such claim as any other provision in the law. It is consistent with the other provisions of the law, and it would seem that, when a garnishee makes his return showing himself to be indebted to the defendant or that he has money or property under his control belonging to such defendant is a logical time for him to assert his claim of exemptions to such debt, money, or property. If this is not the meaning of Sec. 14, then it is difficult to understand for what purpose it was inserted in the law. This statute does not purport to repeal any of the provisions of the exemption law as they existed prior to the enactment thereof, nor does it provide for claiming exemptions in any other case than where a garnishee in a garnishment proceeding in the circuit court has made a return showing that he is indebted to the defendant or has money or property under his control belonging to the defendant. But, to this extent, the remedy in such cases is complete. We have examined the evidence brought up on the record tending to show that the money in dispute was exempt, and, while the same is meager, it is competent and, we believe, sufficient to sustain the court's finding that respondent was entitled to have the same released.

The other assignments disclose no prejudicial error, and the judgment and order appealed from are affirmed.

SMITH, P. J., and McCOY, J., not sitting.