GOODLAD, as Representative of the State Banking Department
in Charge of Lesterville State Bank, Appellant, v.
SMEJKAL, Respondent.

(190 N. W. 1017.)

(File No. 5188.   Opinion filed December 12, 1922.)

**1.   Exemptions — Garnishment — Amendments — Permitting Amend-
ment to Claim of Exemptions in Immaterial Part Not Error.**

Where it appeared from return of service of summons that
defendant was a resident of this state, and that the party who
made claim of exemptions was defendant's mother and a mem-
ber of his family, permitting claimant to amend demand for
release of exempt property so as to show that defendant was a
resident of this state was not error.

**2.   Exemptions—Head of Family—Where Mother Lived with and
Was Dependent on Son, Son Was Head of Family.**

Where a mother was living with a son as a member of his
family and was dependent on him for support, but it was not
shown whether he was married or single, the son was the head
of the family.

**3.   Property—Garnishment—Exemptions — Presumptions — Property
Presumed to Be the Same at Time of Filing Exemption Claim
that It Was at Time of Garnishment.**

Where garnishee summons was served on February 8th, and
on May 8th claimant made a sworn demand for release of ex-
empt property, in the absence of showing to the contrary, de-
fendant's property will be presumed to be the same at the
time of the exemption claim that it was when garnishee sum-
mons was served.

**4.   Exemptions—When Debtor Fails to Claim Exemption, Member
of His Family May Make Such Claim.**

In garnishment proceedings, where defendant failed to claim
exemptions provided by Rev. Code 1919, Secs. 2466, 2467, it
was competent for a member of his family to proceed, under
section 2665, providing that, in attachment and levy of personal
property, if debtor neglect or refuse to claim exemption, his
wife or any member of the family over 16 years of age may
make such claim.

Appeal from Circuit Court, Yankton County; HON. R. B.
TRIPP, Judge.

Action and garnishment proceedings by C. E. Goodlad, as
representative of the State Banking Department of South Dakota
in charge of Lesterville State Bank, an insolvent corporation,

against John Smejkal. From an order allowing defendant's exemptions and discharging garnishment, plaintiff appeals. Affirmed.

*Harry Kunkle* and *Clark & Henderson,* all of Yankton, for Appellant.

*Lars A. Bruce,* of Yankton, for Respondent.

(1) To point one of the opinion, Appellant cited: Brown v. Edmunds, 5 S. D. 508; National Bank v. Boyles, 34 S. D. 288.

Respondent cited: Houser v. R. R. Co. (S. D.), 164 N. W. 984.

(4) To point four, Appellant cited: National Bank v. Boyles, 34 S. D. 288; Burcell v. Goldstein (N. D.), 136 N. W. 243.

Respondent cited, to proposition that the mother could make exemption claim within a reasonable time: Noyes v. Belding (S. D.), 59 N. W. 1069.

POLLEY, J. The summons in this action, together with garnishee summons, was served on the 8th day of February, 1922. Defendant entered his appearance in the case, and the complaint was served on him on the 6th day of March. On the 27th day of February, the garnishee defendant made a return, showing an indebtedness of $700.70, due from him to the defendant. Defendant did not answer the complaint, nor did he file a claim of exemptions. On the 8th day of May, defendant's mother made a sworn demand on plaintiff for a release of defendant's exempt property, in which demand she enumerated certain personal property, including the said $700.70. She named a person to act as appraiser of said property, and demanded that said property be appraised as provided by law. No attention was paid to this demand, and on the 16th day of May, defendant applied to the court for an order discharging the said garnishment. When this application was presented for hearing, the court gave the claimant permission to amend said claim so it would show that defendant was a resident of this state. Such amendment was made, and the court made and entered an order, allowing the exemptions as claimed, and discharging the said garnishment. From this order plaintiff appeals.

[1] It is first contended by appellant that the court erred in permitting the claimant to amend the claim of exemptions. There

8—Vol. 46, S. D.

is no merit in this contention. Under the facts as they appear in the record and the circumstances in this case, the amendment was not essential. It appears from the sheriff's return of service on the summons that the defendant is a resident of this state, and that the party who made the claim of exemptions was defendant's mother and a member of his family.

Upon the merits of the case, appellant's position is stated in his brief as follows:

"The record fails to show the age of defendant. It does not appear whether he is married or single. It is not claimed in amended affidavit that the defendant's property was the same on June 3d, the date thereof, as it was on February 8th. There is no listing of the various items of property nor statement of values. Nothing is said about indebtedness due and owing the defendant, either on February 8th or on June 3d. The defendant's occupation is not shown. It is not alleged that defendant is the head of a family."

[2] It is not material how old appellant is or whether he is married or single. It appears that his mother was living with him as a member of his family, and was dependent on him for support. This constitutes defendant the head of a family. 25 C. J. 23-25.

[3] In the absence of any showing to the contrary, defendant's property will be presumed to be the same at the time of the filing of the claim of exemptions that it was when the garnishee summons was served. The schedule of property is meager, to say the least, but the $700.70, the only property involved in this case, and the only property upon which the plaintiff claims a lien, is listed, and it is not claimed that defendant has any other property that is not absolutely exempt.

[4] The real question to be determined on this appeal is whether, in garnishment proceedings, a member of a debtor's family may claim exemptions under the provisions of section 2665, Code 1919, where the debtor himself has failed to make such claim within the time and in the manner provided by law.

In all cases of attachment or levy on personal property, the debtor or some person acting for him must demand his exemptions within 5 days after receiving notice of such levy. Section 2667, Code 1919. In case he fails to make such demand within

the time limited for that purpose, he has lost his right.  But in such case, the debtor's wife or any member of his family, 16 years old, may make such claim, and there is no time fixed by law for making such claim, other than that, under the circumstances of the case, it must be within a reasonable time.  Section 2665.  In garnishment proceedings, the debtor may claim his exemptions in an answer any time within 30 days after the service of the garnishee summons on him.  Section 2466, Code of 1919.  Or he may serve a claim of exemptions without answering within 5 days after the service of the garnishee summons upon him.  Section 2467.  There is no other provision for claiming exemptions in the garnishee law.  Sections 2453 to 2474.  But there is nothing in said law to indicate that the provisions made therein for claiming exemptions should be exclusive.  There is nothing in the garnishee law that conflicts with the provisions of section 2665, and no reason is apparent why section 2665 should not be read in connection with sections 2466 and 2467, as well as section 2667.  It is not at all likely that the Legislature, after making such careful provisions for the protection of a poor debtor and his family, in case of a levy under an execution or writ of attachment, intended that he might be stripped to the bone in a garnishment proceeding in case he neglected to claim his exemptions within the time limited for that purpose in the garnishment law.  It is contended by appellant that we so held in Bank v. Boyles, 34 S. D. 288, 148 N. W. 135.  In that case the defendant had claimed his exemptions in his answer.  We held that to be sufficient, and that he had lost no rights by failing to make the claim provided for by section 2467.  In Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243, cited and relied upon by appellant, the defendant himself had attempted to claim his exemptions, but had failed to file his schedule as provided by law, and the court held that his attempted claim of exemptions was of no avail.  Neither of said cases is analogous to this case.  In the present case the defendant himself having failed to claim his exemptions, it was competent for a member of his family to proceed under the provisions of section 2665.  Under the circumstances of the case the claim was made within a reasonable time, and the garnishment was properly discharged.

The judgment appealed from is affirmed.

Note—Reported in 190 N. W. 1017.    See American Key-Numbered Digest, (1) Exemptions, Key-No. 121, 25 C. J. Sec. 241; (2) Exemptions, Key-No. (16), 25 C. J. Secs. 28-35, 11 R. C. L. 503; (3), Property, Key-No. 9, 22 C. J. Secs. 28 and 29; (4) Exemptions, Key-No. 118, 25 C. J. Sec. 232, 11 R. C. L. 547.