BOWMAN, et ux, Appellants, v. LARSEN, Respondent.

(220 N. W. 489.)

(File No. 6114.   Opinion filed July 14, 1928.)

*Byrnes & Markey*, of Huron, for Appellants.

*Gardner & Churchill* and *George E. Longstaff*, all of Huron, for Respondent.

MORIARTY, C. This is an appeal from an order sustaining a demurrer to the complaint.

The appellant brought suit against the respondent in his capacity of sheriff of Beadle county to recover certain personal property or its value. The facts as alleged in the complaint are as follows:

On or about August 12, 1924, the First National Bank of Huron, acting through a receiver then in charge of said bank, began an action against the appellant G. S. Bowman. On said 12th day of August a garnishee summons, issued in said action, was served upon said defendant and upon one Clarence Stroup as garnishee defendant. Said garnishee defendant made a disclosure to the effect that he had in his possession and under his control certain property belonging to the principal defendant, G. S. Bow-

man, and consisting of certain oats, barley, and corn. A judgment was entered against said G. S. Bowman in the action in which the garnishment proceedings were had. Thereafter said Bowman filed a voluntary petition in bankruptcy, and on the 26th day of March, 1925, he was duly adjudged a bankrupt. He then claimed as his exempt property in the bankruptcy proceeding the property held by respondent under the garnishment. Before the trustee in bankruptcy had made any order setting apart exempt property, the respondent advertised the sale of the property in controversy under an execution issued upon the judgment entered in the garnishment case. On May 15, 1925, the appellant Mrs. G. S. Bowman served upon respondent a demand for the property in controversy, claiming it is exempt property, on the ground that she is the wife of G. S. Bowman and that said G. S. Bowman had failed and neglected to claim his exemptions. This claim was accompanied by a schedule of what is stated to be all of the personal property of the claimant and G. S. Bowman, her husband. But the statement of these papers cannot be construed as alleging anything more than that the property scheduled was all the property of Bowman and his wife on the date of the verification, May 15, 1925. This schedule includes the property in controversy and certain other property of small value, the aggregate value, as stated therein, being only $750.

While the complaint shows the date when the garnishee process was served, there is no allegation as to the date of the execution levy. The complaint does not allege that there was any irregularity in the garnishment proceedings, whereby the garnishment was discharged or the property released from its effects, nor is there any claim of irregularity in the issuance of the execution or the proceedings thereunder. The sole claim of appellants is that, under the circumstances disclosed by the complaint, the claim of exemption was sufficient to require the surrender of the property.

Section 2463, Revised Code of 1919, provides:

"If the answer discloses any money, credits or other property, real or personal, in the possession or under the control of the garnishee, the officer having a warrant of attachment or writ of execution in the principal action may levy upon the interest of the

defendant in the same; otherwise the garnishee shall hold the same until the order of 'the court thereon."

And section 2467, R. C., provides for the defendant's claim of exemption to be made within five days after service of the garnishee summons upon him.

■ The effect of these two sections is to place the property in custodia legis from the date of service of the process.

As the complaint in the instant case makes no allegation of the release of the garnishment, or of any defect or irregularity in the garnishment proceeding or in the execution levy, the plaintiffs must rely solely upon there being in the complaint allegations of facts sufficient to show that the claim of exemptions was made within a reasonable time.

■ This court has established the law of this state to be that the exemption statutes should be liberally construed to effect their purpose of protecting indigent debtors, and, where the debtor fails to claim exemptions, his wife may make the claim within a reasonable time; also that what is a reasonable time must be determined from the circumstances of each case.

■ In determining whether the demand has been made within a reasonable time one of the circumstances to be considered is whether the delay in any way prejudiced the creditor. Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069; Goodlad v. Smejkal, 46 S. D. 112, 190 N. W. 1017. The early case of Berland v. O'Neal, 22 Cal. 504, is a leading case on this point.

■ Whether property in the hands of a garnishee is exempt or not, is to be determined as of the day of the service of the garnishee summons. Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79; Smith v. Spafford, 16 N. D. 208, 112 N. W. 965; Bank v. Vest, 187 Ill. 389, 58 N. E. 229; H. C. Smith Coal Co. v. Finley, 190 Ind. 481, 131 N. E. 5.

■■ In Goodlad v. Smejkal, supra, this court said that, in the absence of any showing to the contrary, the court will presume that the debtor's property at the time the claim is made is the same as it was at the time of the garnishment. But that statement was made in a case where only about six weeks intervened between the date of the garnishment and the making of the claim. In the instant case nine months elapsed between the garnishment and

the verification of the schedule, and the complaint affirmatively shows that during that time the judgment debtor had been adjudged a bankrupt. As the non-exempt property of a bankrupt passes to the trustee, there can be no presumption that the property of the bankrupt is the same after his bankruptcy as it was before, and, in the circumstances of this case, the complaint is not sufficient without allegations showing that the delay in making the claim of exemptions has not prejudiced the judgment creditor.

The order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in the result.