HOLLEMAN, et al, Appellants, v. GAYNOR, et al (Highland School Dist. et al, Garnishees), Respondents.

(237 N. W. 827.)

(File No. 6958. Opinion filed August 3, 1931.)

E. E. Empey, of Springfield, for Appellants.

W. L. Redden, of Tyndall, and W. M. Kirby, of Springfield, for Respondents.

WARREN, J.   Plaintiff brought this action against Mae Gaynor; judgment was entered upon her failure to answer in the sum of $314.30 and costs.   Garnishee proceedings accompanied the original action, and, after the service of the garnishee affidavit and summons, a disclosure was made by the garnishee Highland School District No. 36 to the effect that there was due and owing to Mae Gaynor the sum of $180; that thereafter on the 1st day of June, 1929, the defendant Mae Gaynor and her husband Marion J. Gaynor served their answer alleging that they had been and were both residents of Springfield, S. D., for a number of years prior to the commencement of this action in garnishment; that Marion Gaynor was the husband of Mae Goynor, and that they were living together as husband and wife, and that Marion Gaynor was the head of the family which was dependent upon him for support; that at the time of the service of the garnishment proceedings, there was in the hands of the garnishee the sum of $180 in cash due and owing from the garnishee to the defendant Mae Gaynor, which was the property of the two defendants jointly; that the property attempted to be garnisheed was the sole and only property of every kind, description, and character then owned by the said defendants, excepting wearing apparel, which was absolutely exempt.   They further claimed that all of the said $180 was exempt from attachment, garnishment proceedings, or levy upon execution.   The defendants prayed for an order releasing the funds sought to be reached by garnishment.   The plaintiffs interposed a demurrer to the answer upon the ground that the

answer did not state facts sufficient to constitute a defense, and that the answer did not state facts sufficient to show that defendants or either of them were entitled to exemptions of the property sought by the garnishment. After trial before the circuit court, the court overruled the demurrer, from which order overruling the demurrer the plaintiffs have appealed, and it is now before us, and, from the statements of counsel for the respective parties, it would seem that the sole and only issue before the court for consideration and decision is the question raised, whether or not the $180 belonging to the defendant Mae Gaynor is exempt from seizure, levy, or sale upon execution.

■■ Exemption laws were enacted for the purpose of protecting families against poverty, that the poor might not become public charges, and that they might be able to earn a livelihood and exist without being continually harrassed by creditors, and in this state the Constitution provides not only for exemptions consisting of real property, but commands the legislators to make suitable provisions, and that a liberal amount of property should be set aside out of personal property for the protection of the family. Our constitution, art. 21, § 4, provides: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws."

In compliance with this constitutional requirement, the Legislature has prescribed general exemption laws.

Section 2658, R. C. 1919, provides for certain absolute exemptions, the homestead being one of the absolute exemptions. The absolute exemptions seem to be considered as belonging to the family rather than to the head of the family or any individual member thereof, so a homestead or other absolute exemption is preserved, though the title to the property may not be in the head of the family.

Section 2659 provides for additional exemptions. These additional exemptions are to the head of a family and may be selected by himself, his agent, or attorney in the amount of $750, or to a single person, not the head of a family, who may claim an ex-

emption of $300. Under this section, it is apparent that the debtor to whom exemptions are allowed must be the head of a family, unless he is a single person. A wife cannot be classed as a single person, and, unless she is the head of the family, there are no exemptions to her. When she is the debtor, she cannot claim exemptions against an execution issued upon a judgment against her, either as a single person or the head of a family, unless she is in fact the head. The matter of exemptions has been before this court upon many occasions, and this court has ruled as to the amount of personal property exemptions, what constitutes a family, and who may claim the exemptions, but so far there has been no decision which is squarely in point upon the question which confronts us in this case. The answer states that the $180 belongs to Mae Gaynor, the wife. It also states that Marion Gaynor is the head of the family.

In the case at bar, we are forced to place a construction upon section 2659, 1919 Revised Code: "Additional Exemptions. In addition to the property mentioned in the preceding section, *the debtor, if the head of a family,* may, by himself, his agent or attorney, select from all other of his personal property, not absolutely exempt, goods, chattels, merchandise, money or other personal property, not to exceed in the aggregate seven hundred and fifty dollars in value; and, *if a single person, not the head of a family,* property as aforesaid of the value of three hundred dollars, which is also exempt, and must be chosen and appraised as hereinafter provided." (The italics are ours.)

And also section 2665, which is as follows: "When Wife or Child May Make a Claim. If, in any case, the debtor neglect, or refuse, or for any cause fail to claim the whole or any of the aforesaid exemptions, his wife or any member of the family sixteen years of age or over, is entitled to make such claim or demand, and to select and choose the property, to select and designate one of the appraisers, and to do all other acts necessary in the premises, the same and with like effect as the debtor himself might do."

Referring again to the defendants' answer, we find that Marion Gaynor is the husband of Mae Gaynor, and that they are living together as husband and wife. Paragraph 4 thereof states that Marion Gaynor *is the head of the family* which is dependent

upon him for support. In paragraph 5 of said answer, it is alleged that $180 is cash due to the defendant Mae Gaynor, which is the property of the two defendants herein jointly. We are therefore confronted with the facts that the property sought to be exempted is the property of Mae Gaynor, and that the husband is the head of the family. In this case, there is no question as to whom is the head of the family, for the reason that the answer specifically states that Marion Gaynor is the head of the family. The answer does not contain any averment to the effect that the husband was incapacitated by misfortune, infirmity, or any other cause from occupying his position as head of the family. We are of the opinion that this case must be decided upon authority of Blount v. Medberry, 16 S. D. 562, 94 N. W. 428.

The judgment in the instant case was entered against the defendant Mae Gaynor, and the property, to wit, the $180, not having reached her possession, said property still being in the possession of the garnishee and there being no allegations in the answer of any assignment to the husband, and there being a direct allegation that the husband, Marion Gaynor, was the head of the family, therefore neither of the defendants is entitled to the property claimed exempt as the answer now stands, there being only two classes entitled to personal property exemptions under our statutes: First, the debtor, if the head of a family; second, if a single person, not the head of a family. The defendant's answer conclusively shows that they are not within either of said classes, and, as further pointed out in the case of Ness v. Jones, 10 N. D. 587, 88 N. W. 706, 88 Am. St. Rep. 755, we must hold that the demurrer interposed by the plaintiff to defendant's answer should have been sustained.

The order appealed from is hereby reversed.

POLLEY, P. J., and ROBERTS and RUDOLPH, JJ., concur. CAMPBELL, J., concurs in result.