**In re Harold Wayne MYERS, Debtor.**

**Bankruptcy No. 581–00103.**

United States Bankruptcy Court,
D. South Dakota.

Jan. 29, 1982.

Ronald Clabaugh, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S. D., for the First National Bank of the Black Hills.

William J. Rieb, Rapid City, S. D., for debtor.

Dennis W. Finch, Rapid City, S. D., for trustee pro se.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Harold Wayne Myers, hereinafter Debtor, is in a voluntary Chapter 7 bankruptcy. As part of Debtor's bankruptcy, the First National Bank of the Black Hills, hereinafter Creditor, filed an objection to Debtor's claimed exempt property. Creditor objects to Debtor's claimed exemption of paid-up life insurance in the amount of $10,000.00. The Court held a hearing on Creditor's objection and took the matter under advisement. This Memorandum Decision is based upon the pleadings, sworn testimony, exhibits received into evidence, and memorandums of law.

## FINDINGS OF FACT

On August 31, 1981, Debtor filed a voluntary petition in a Chapter 7 bankruptcy. Debtor's B–4 schedule shows a $10,000.00 life insurance exemption pursuant to S.D. C.L. 43–45. On October 20, 1981, Trustee held the first Meeting of Creditors. On November 5, 1981, Creditor filed its objection to Debtor's claimed exempt property. On November 23, 1981, Debtor was granted an order allowing him to amend his B–4 schedule to correct a $10,000.00 insurance exemption improperly claimed under S.D. C.L. 58–12–4. Dennis W. Finch, hereinafter Trustee, filed an objection to Debtor's claimed insurance exemption on January 5, 1982.

On August 24, 1981, Debtor gave Modern Woodmen Insurance Company a cashier's check for $10,000.00 (Exhibit 1), executed an application for a whole life insurance policy (Exhibit 3), and received a Conditional Receipt (Exhibit 2). Through the application, Debtor sought to obtain a whole life policy in the amount of $18,652.90.

The Conditional Receipt provided:

"IMPORTANT: THIS RECEIPT DOES NOT PROVIDE ANY INSURANCE UNTIL ITS CONDITIONS ARE MET."

In the latter part of October, 1981, after a series of medical information was obtained, Modern Woodmen Insurance Company declined to write life insurance upon Debtor because of a medical condition. One of the conditions of Modern Woodmen Insurance Company is an applicant must meet a minimum standard of physical health.

On November 15, 1981, Debtor sought a single premium deferred annuity with income to commence at age 65 from Modern Woodmen Insurance Company (Exhibit 3). The Deferred Life Annuity was issued on December 9, 1981.

The testimony of Mrs. Velda Bishop, the agent for Modern Woodmen Insurance Company, indicated Debtor could have withdrawn his application and received back the $10,000.00 because no policy of insurance nor certificate for an annuity had been issued or approved by the company prior to December 9, 1981.

### CREDITOR'S ARGUMENTS

Debtor did not have a policy of insurance or an annuity for which he could claim an exemption on August 31, 1981, the date of the filing of the voluntary bankruptcy petition.

### DEBTOR'S ARGUMENTS

Debtor in good faith intended to claim his life insurance exemption prior to bankruptcy; he should now be permitted in all fairness to be able to claim his annuity exemption.

### ISSUE

Did Debtor have a policy of insurance or an annuity for which he could claim an exemption on August 31, 1981, the date of the filing of the voluntary bankruptcy petition.

### CONCLUSIONS OF LAW

■ Trustee filed his objection to Debtor's claimed insurance exemption on January 5, 1982. A trustee must object to a debtor's exemptions within fifteen (15) days of the first date scheduled for the first meeting of creditors. The trustee has another fifteen (15) days to object to a debtor's claimed exempt property if the B–4 schedule is amended. (See Local Rule 6(b) and Bankruptcy Rule 110, the Advisory Committee's Note.) This Bankruptcy Court holds Trustee's objection is dismissed because it was filed more than fifteen (15) days after Debtor amended his B–4 schedule.

Creditor claims Debtor did not have a life insurance policy in effect to claim exempt on the date of filing bankruptcy.

For the following reason, this Bankruptcy Court holds Debtor did not have a policy of insurance or an annuity for which he could claim an exemption on August 31, 1981, the date of the filing of the voluntary bankruptcy petition.

■ A basic principal of bankruptcy law is "the value and status of exempt property is determined as of the date the petition is filed." (See *In re Crump*, 2 Bkrtcy. 222, 1 C.B.C.2d 378, 380 (S.D.Fla.1980); *In re Curry*, 5 Bkrtcy. 282, 2 C.B.C.2d 710, 720 (N.D. Ohio 1980); *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301, 303 (1924); and 9 Am.Jur.2d Bankruptcy, Section 309.) This Bankruptcy Court finds the exhibits and testimony of an agent of Modern Woodmen Insurance Company indicate Debtor did not have a life insurance policy or annuity prior to December 9, 1981, the date of the Deferred Life Annuity. Even though Debtor filled out an application for life insurance on August 24, 1981, the Conditional Receipt provided Debtor must meet

all conditions of the Receipt prior to receiving any insurance. The facts in this case indicate Debtor found out in late October, 1981, he had a medical problem which excepted him from the rules of insurability of Modern Woodmen Insurance Company.

Debtor argues equity dictates he should be able to claim his later-obtained annuity exempt because he acted in good faith.

This Court will not violate the sanctity of the bankruptcy filing date by drafting equitable exceptions. The bankruptcy filing date is the pivotal point from which the rights of a debtor and creditor are determined. If Congress intended any exceptions, they would have so provided.

A copy of this Decision will be sent to Trustee to advise him of Debtor's post-petition transfer.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Clabaugh shall submit an order consistent with this Court's Decision.