**In re Linda Kay DAVIS, Soc. Sec. No. 504–58–3857, Debtor.**

**Bankruptcy No. 98–50475.**

United States Bankruptcy Court,
D. South Dakota,
Western Division.

Jan. 13, 1999.

Lawrence R. Bihlmeyer, Rapid City, SD, for debtor.

Dennis C. Whetzal, Rapid City, SD, for Chapter Trustee.

## MEMORANDUM OF DECISION RE: HEAD OF FAMILY EXEMPTION

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the Trustee's objection to Debtor's claim of exemptions as a head of a family under S.D.C.L. § 43–45–4 (1998). This is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum of Decision and accompanying Order shall constitute the Court's findings and conclusions under F.R.Bankr.P. 7052. As set forth below, the Court concludes that the Trustee's objection must be sustained and that Debtor is not a head of family under S.D.C.L. § 43–45–4.

### I.

Debtor Linda K. Davis is married. She and her husband maintain a household with one minor daughter. Both Debtor and her husband are employed outside the home. Debtor's husband is a trucker who is often away from home. Debtor manages the household on a day to day basis and is the primary care giver to their minor child.

At the time of Debtor's petition, late August of 1998, she earned $1,132.27 per month and her husband earned $1,398.52 per month. In 1997, Debtor's husband earned appropriately $2,673.25 per month and Debtor earned $1,212.67 per month.

Debtor declared about $2,631.34 in personalty exempt under S.D.C.L. § 43–45–4[1], including two vehicles. At the § 341 meeting of creditors, Trustee Dennis C. Whetzal ascertained from Debtor that she had claimed only a half ownership interest in the two vehicles that she had declared exempt but that she exclusively paid for and operates both vehicles. The Trustee thereafter objected to Debtor's claimed exemptions on the grounds that Debtor owns the full value of both vehicles, that neither vehicle is impaired by another interest or lien, and that when the full value of the vehicles is included in her claim of exemptions under § 43–45–4, Debtor exceeds her allowable exemptions of $4,000.00 by $1,821.00. Debtor responded on October 30, 1998. She did not contest the Trustee's claim that she is the sole owner of the vehicles and that they were undervalued in her schedules. Instead, she argued that she is a head of family entitled to $6,000.00 in exemptions under S.D.C.L. § 43–45–4 (1998).

A hearing was held November 23, 1998. Debtor argued she should be declared the head of her family because her husband works away from home a majority of the time and because she manages the household. Relying on *Goodlad v. Smejkal,* 46 S.D. 112, 190 N.W. 1017 (S.D.1922), Debtor also argued that if she is not the head of the family, she nonetheless should be permitted to step into her husband's shoes and declare the exemptions that he could as a head of a family. Trustee Whetzal relied on *Holleman v. Gaynor,* 58 S.D. 574, 237 N.W. 827 (S.D. 1931), and *Linander v. Longstaff,* 7 S.D. 157, 63 N.W. 775 (S.D.1895), for the proposition that a husband is presumptively the head of a family. Both parties argued that *McCarter v. Murrell (In re Murrell),* 588 F.2d 1207 (8th Cir.1978), which provides that the higher wage earner is not presumptively the head of a family, supports their respective positions. At the Court's request, Debtor later submitted tax returns for 1996 and 1997 for her and her husband. After the hearing, Debtor also argued her husband will earn less in 1998 than in previous years because he will receive less overtime pay.

### II.

A debtor's entitlement to an exemption is determined on the day he or she files his or her bankruptcy petition. *See Armstrong v. Peterson (In re Peterson),* 897 F.2d 935 (8th Cir.1990); *Armstrong v. Harris (In re Harris),* 886 F.2d 1011 (8th Cir. 1989) (cites therein); and *In re Myers,* 17 B.R. 339, 340 (Bankr.D.S.D.1982). Exemptions are construed liberally in favor of the debtor. *Wallerstedt v. Sosne (In re Waller-*

---

1. Debtor did not specifically state the Code section under which she was declaring various personalty exempt. She stated only chapter numbers 43–31 and 43–45. The Court presumes it is § 43–45–4 because of later oral arguments in the case.

stedt), 930 F.2d 630, 631–32 (8th Cir.1991). A party objecting to a debtor's claim of exemptions bears the burden of proving that an exemption has not been properly claimed. Bankr.R. 4003(c). The standard of proof is clear and convincing evidence. *In re Fabian*, 122 B.R. 678, 682 (Bankr.W.D.Pa.1990).

In addition to certain personal property that is absolutely exempt under S.D.C.L. § 43–45–2, a debtor who is a head of a family may declare exempt another $6,000.00 in personal property under § 43–45–4, as amended in 1998. A non head of a family may declare only an additional $4,000.00 in personal property exempt under § 43–45–4. Joint debtors (a husband and wife) may declare a total of $10,000.00 exempt under § 43–45–4. *In re Jerald J. and Penny A. Burns*, Bankr.No. 98–50451, bench op. (Bankr.S.D. Nov. 23, 1998). This additional exempt personal property is removed from the bankruptcy estate and is not liquidated by the case trustee to pay creditors. 11 U.S.C. §§ 522(b) and 522(c).

Chapter 43–45 of the State Code does not define head of a family.[2] Case law provides some guidance. Though much of it was written when only males were presumed to work outside the home, it appears that there are two primary considerations in determining who may claim exemptions under § 43–45–4 (or its predecessor statutes) as the head of a family. First, does the debtor have dependents with whom he or she forms a family unit? *Goodlad*, 190 N.W. at 1018; *see also In re Dice*, Bankr.No. 96–30095, slip op. (Bankr.D.S.D. April 2, 1997) (non custodial father paying child support for a minor child may be a head of a family). Second, is the debtor the primary breadwinner for that family unit? *Holleman*, 237 N.W. at 829; *Ecker v. Lindskog*, 12 S.D. 428, 81 N.W. 905, 905–06 (S.D.1900); and *Linander*, 63 N.W. at 776. Other circumstances to then consider include whether the former primary breadwinner will not or cannot occupy his or her position as the head of the family due to abandonment, illness, or another misfortune. *Holleman*, 237 N.W. at 829; *Ecker*, 81 N.W. at 906; *Linander*, 63 N.W. at 776.

### III.

Based on the evidence presented, the Court concludes that Debtor is not the head of a family as that term is used in § 43–45–4 (1998). On the petition date, she was not the primary breadwinner for her family. Further, no other circumstances existed which propelled her into the head of the family role. She and her husband maintained a joint household. He was absent from the home a great deal of time only due to his employment, not by dereliction or abandonment. He was in good health. Were the Court to accept absence from the home for employment reasons as cause alone for the at-home spouse to be the head of the family, the Court would be expanding § 43–45–4 beyond its plain language.

Debtor also cannot claim head of the family exemptions in her husband's stead. The husband is not the debtor and the Trustee is not administering his assets so Debtor cannot step into his shoes. *See* S.D.C.L. § 21–19–9 and *Noyes v. Belding*, 5 S.D. 603, 59 N.W. 1069, 1073 (S.D.1894). Instead, Debtor falls into the other class under § 43–45–4, those who are not a head of a family. It is under that class of persons that she must claim her exemptions. *Holleman*, 237 N.W. at 828 and 829.

This case is distinguishable from *Murrell*, 588 F.2d 1207, which both parties cited. In that case, the couple had divorced and no longer maintained a joint household and the debtor-ex-wife no longer maintained a home for the minor children nor paid child support. This case is also distinguishable from *In re Schmidt*, Bankr.No. 97–30009, slip op. (Bankr.D.S.D. Aug. 1, 1997). There the married debtor who filed bankruptcy separately was not allowed any exemptions under § 43–45–4. The statute has since been changed so that persons in her situation are not excluded.

**2.** "Family," for the purpose of the homestead laws, is defined by S.D.C.L. § 43–31–14, and includes a husband and wife without children.